County of Cook, a Body Corporate, Petitioner-Appellee, v. Gerald A. Schroeder and Clara E. Schroeder, Respondents-Appellants.

Gen. No. 49,507.

First District, Third Division.

February 4, 1965.

Rehearing denied March 25, 1965.

449

Alfred M. Loeser and Stephen Lee, of Chicago, for appellants.

Daniel P. Ward, State's Attorney, of Cook County, of Chicago (Edward J. Hladis, Chief of Civil Division, and Thomas A. Hett, Assistant State's Attorney, of counsel), for appellee.

MR. JUSTICE SULLIVAN delivered the opinion of the court.

This is an appeal by Gerald A. Schroeder and Clara E. Schroeder (a) from an order of the circuit court of Cook County entered June 28, 1963, granting possession to and putting the County of Cook in possession of tract 993, Palatine Road; (b) from an order by the same court entered on June 28, 1963 ordering payment for tract 993 to the Clerk of the Court, and (c) from a purported order of the circuit court of Cook County entered June 28, 1963 denying petition of the Schroeders for writ of error in the nature of writ of error coram nobis or in the alternative audita querela.

The brief of appellants is most confusing. Under argument they start with Roman numeral IX and proceed in the following order: X, I, II, III, another X, XI and XII. They have omitted in the argument points IV, V, VI, VII and VIII. We will, however, endeavor to do complete justice to this appeal as presented.

These are the facts: On February 2, 1961 a petition to condemn certain lands, including tract 993 owned by the Schroeders, was filed in the circuit court of the County of Cook. The law firm of Wahler & Pecyna filed the appearance of Gerald A. Schroeder and Clara E. Schroeder, his wife, and their appearance as attorneys for said defendants. On June 30, 1961 Judge Charles S. Dougherty entered a judgment order of condemnation. A portion of this order reads as follows:

> "And the Court having heard and considered the testimony presented, both oral and documentary, and the arguments and representations of counsel in open court, and the court being fully advised in the premises, finds and determines that the just compensation to be paid by the petitioner herein

451

for fee simple title to said parcel or tract of real property to be as follows:

Tract 993 Palatine Road.

To Gerald A. Schroeder and Clara E. Schroeder, his wife, who are the persons interested in Tract 993, . . . as just compensation to said Gerald A. Schroeder and Clara E. Schroeder, his wife, for the taking of the fee simple title to said land, the sum of Nine Hundred Ten Dollars ($910.00) and $7.50 costs."

The judgment further provided that the petitioner, namely, the County of Cook, within 180 days from the entry of the judgment order pay to Gerald A. Schroeder and Clara E. Schroeder, his wife, the just compensation for the taking of the fee simple title to said parcel of land. The order further provided that upon payment of such sum the County of Cook shall thereby be vested with the fee simple title to said parcel so paid for by the petitioner, and the County of Cook was therein authorized and empowered to enter upon and take immediate possession of said parcel upon making said payment. The court in the order retained jurisdiction for the purpose of entering an order to put the County of Cook into possession of said parcel.

On September 25, 1961 the County of Cook issued its warrant No. 025036, payable to Gerald A. and Clara E. Schroeder, in the amount of $926.33 (representing the $910 judgment plus $7.50 costs and $8.83 interest from June 30 to September 25, 1961). On the same date, September 25, 1961, Mr. Daniel W. Pecyna, one of the attorneys of record for the Schroeders, signed a stipulation that payment had been made as required by the judgment order of June 30, 1961. This stipulation was ordered spread of record by Judge Dougherty on September 27, 1961.

On October 10, 1961 Wahler & Pecyna, the attorneys for the Schroeders, sent the County's warrant for $926.33 to the Schroeders. Thereafter Gerald Schroeder returned the warrant to his attorneys, indicating by letter that he would not endorse it for he felt the amount was insufficient compensation. Mr. Wahler testified that he returned the warrant again to Mr. Schroeder but Mr. Schroeder stated that he did not see it after he sent it back to the attorneys. The warrant has apparently become lost between the Schroeders and their attorneys, and it was not cashed. Neither the Schroeders nor their attorneys informed the County or its counsel, or the court, of the refusal or repudiation allegedly made by Mr. Schroeder as to his attorneys' action in the handling of the case.

The County just prior to June 18, 1963 sought possession of the property. The Schroeders refused to vacate the tract condemned and the County petitioned the court for an order of possession.

The Schroeders answered the petition on June 19, 1963, setting up that the condemnation award had not been paid within 180 days after the entry of judgment, and that such nonpayment amounted to abandonment of the condemnation proceeding, and that there was a failure of due process because of an alleged lack of hearing or notice of the entry of the original judgment of June 30, 1961. On the same date the Schroeders also filed a "Petition for Writ of Error Coram Nobis and Audita Querela," seeking vacation of the judgment order of June 30, 1961, alleging failure of just compensation and generally setting up the grounds set up in their answer to the County's petition for an order of possession. The court on motion ordered the "Petition for Writ of Error Coram Nobis and Audita Querela" stricken but allowed the Schroeders leave to file an amended petition in five days. The Schroeders filed a "First Amended Petition for Writ of Error Coram

453

Nobis and in the Alternative Audita Querela" setting up the same matters set forth in their previously stricken petition, and added a charge of conspiracy between the attorneys for the County and "certain attorneys," which conspiracy consisted of making a "deal unbeknown to these petitioners who have no knowledge of and concerning the same, or the nature thereof. . . ."

A motion to strike the "First Amended Petition for Writ of Error Coram Nobis and in the Alternative Audita Querela" and to dismiss the cause was filed by the County setting up nine points therein. Thereafter Judge Dougherty heard evidence on the petition of the County of Cook for an order for possession of the property.

Mr. Wilbert J. Wahler testified that he entered his appearance as attorney for the Schroeders; that on June 30, 1961, a judgment order was entered directing that payment was to be made to the Schroeders. That thereafter the warrant was delivered to Daniel W. Pecyna, his law partner, by the County, which payment was acknowledged by stipulation and spread of record. The warrant was made payable to Gerald A. Schroeder and Clara E. Schroeder. The warrant was mailed by Wahler & Pecyna to the Schroeders on October 10, 1961, and was returned to Mr. Wahler with a note from Mr. Schroeder. The note expressed Mr. Schroeder's dissatisfaction with the amount and Mr. Schroeder refused to "sign off" for less than $2,500. Mr. Wahler further testified that he had been handling another matter for the Schroeders, and that in February, 1961, the Schroeders came in with the summons in this cause and asked that "we represent them and we filed our appearance for the Schroeders." He further testified that the case was pushed to trial and that he had called Mr. Schroeder a couple of days before the trial and advised him that they had to prepare for trial. Mr.

Wahler also testified that after he received the warrant from the Schroeders he returned it to them together with a bill for services rendered, and that was the last time Wahler saw the warrant.

■ Mr. and Mrs. Schroeder testified that they never knew of the judgment, never authorized settlement and never authorized the conveyance of the land. (No conveyance of the land appears in the record, nor is one necessary in a condemnation proceeding.) Mr. Schroeder stated that he never saw the warrant after he returned it to Wahler & Pecyna. Mr. Schroeder testified that "My wife and I were served with a summons. We hired Mr. Wahler to represent us in the case. . . ."

After hearing the testimony and receiving evidence, Judge Dougherty entered an order on June 28, 1963, finding that: (1) Payment was made to Mr. Daniel Pecyna, attorney and agent for defendants on September 25, 1961; (2) By reason of said payment, fee simple title to the property became and is vested in the County; and (3) The Schroeders are unlawfully in possession of the property condemned." Judge Dougherty also ordered the issuance of a Writ of Assistance. On the same date the Judge entered an additional order finding that the original County Warrant No. 025036, payable to the Schroeders was lost and never cashed, and that the County tendered in open court a substitute warrant No. 018676 in the sum of $926.33; that such tender was refused and the Judge thereupon directed the County to deposit warrant No. 018676 with the clerk of the circuit court as an open tender for Gerald A. and Clara E. Schroeder.

As to the Schroeders' first amended petition for writ of error coram nobis or in the alternative audita querela, the Judge during the hearing held on the County's petition for order of possession, stated: "As far as judgment is concerned, motion to vacate judg-

ment, you alleged in the petition, that is denied." No order was entered by the judge on the motion to strike and dismiss the cause presented by the first amended petition for writ of error coram nobis or in the alternative audita querela.

From the two formal orders of June 28, 1963 (issuance of Writ of Assistance and order that substitute tender be deposited with the clerk) and the oral statement above quoted by the Judge, the Schroeders appealed to the Supreme Court of Illinois. On January 20, 1964 the Supreme Court on motion of appellee transferred the appeal to this court.

█ We will discuss first the question as to whether there has been a final order entered as to the first amended petition for writ of error coram nobis or in the alternative audita querela. While the first amended petition bears the caption "First Amended Petition for Writ of Error Coram Nobis and in the Alternative Audita Querela" both writs of error coram nobis and audita querela have been abolished in Illinois by section 72 of the Civil Practice Act. (Ill Rev Stats 1963, c 110, § 72). However, we will consider this first amended petition as one filed to vacate a judgment after thirty days from the entry thereof.

Section 72(6) of the Civil Practice Act reads as follows:

"Any order *entered* denying or granting any of the relief prayed in the petition is appealable." (Emphasis supplied.)

Section 76 of the Civil Practice Act provides in part as follows:

"(1) no appeal may be taken from a trial court to the Supreme or Appellate Court after the expiration of 60 days from the *entry* of the order, decree, judgment or other determination complained of . . . ." (Emphasis supplied.)

456

We will not comment on the significance of the word "entered" in section 72(6) of the Civil Practice Act, nor the significance of the word "entry" in section 76 of the Civil Practice Act other than to say that in Freeport Motor Cas. Co. v. Tharp, 406 Ill 295, 94 NE2d 139, the court stated that there is a well-recognized distinction between rendering a judgment and *entering* a judgment; that the former is the judicial act of the court in pronouncing its ruling or finding in the controversy and the latter is the ministerial act of the clerk in preserving the record of that decision. The question, however, which confronts us is whether there has been any final order on the first amended petition for writ of error coram nobis or in the alternative audita querela, bearing in mind that a motion to strike the first amended petition and dismiss the cause was pending before the court at the time the trial court made the remarks from which the Schroeders seek to appeal. The original petition had been previously filed by the Schroeders and had been stricken on motion. The court had granted leave to file an amended petition. When the court made the statement, "As far as judgment is concerned, motion to vacate judgment, you alleged in the petition, that is denied," it may have had in mind the original petition which had been stricken. In any event, those words could not be construed as a decision on a motion to strike the first amended petition and dismiss the cause.

In Skillet Fork Drainage Dist. v. Fogle, 382 Ill 77, 46 NE2d 73, the trial judge filed "Remarks of the Trial Court," stating that the motion to strike the first and second amendments to the answer and counterclaim was denied, and "It is ordered that these remarks shall stand as part of the record." The court did not direct the entry of an order dismissing the counterclaim. In this case on page 83 the court said: "We decline either to affirm or reverse the remarks

of a trial judge. For the want of an order upon which to predicate an appeal, defendants' cross appeal must be dismissed."

LeMenager v. Northwestern Barb Wire Co., 296 Ill App 568, 16 NE2d 824, involved a case which was tried by a jury and the verdict was returned in favor of the plaintiff. The defendant filed its motion for judgment non obstante veredicto. In that case on page 570 the court said: "An order granting or denying a motion for judgment notwithstanding the verdict, is not appealable, because such an order is not a judgment, but merely a ruling that the moving party is or is not entitled to a judgment." If we were permitted to assume that the remarks of the trial judge in this case related to the first amended petition, there should have been an order to the effect that the motion to strike the first amended petition was sustained and the court should then have dismissed the cause.

In City of Alton v. Heidrick, 248 Ill 76, 79, 93 NE 386, the court said:

"The final order or judgment, if it may be called such, is in the following words: 'December 7th, 1908.—The court now being fully advised in the premises sustains said motion to dismiss; appeal prayed to Supreme Court; bill of exceptions; thirty days; no bond,'. . . ."

On page 80 the court said:

"The entry which we have quoted above is not a judgment at all. It is apparently a mere memorandum of the judge, probably entered in his docket as a memorandum from which a formal judgment might be written up. While it is true, as this court held in Wells v. Hogan, Breese, 337, that no particular form is required in proceedings of a court in order to constitute them a judgment,

458

. still it is necessary that there should be an entry containing the essential elements of a judgment which shows that the court finally disposed of the cause."

■ In Mid City Wholesale Grocers, Inc. v. Bischoff, 327 Ill App 268, 64 NE2d 234, at the conclusion of trial by the court without a jury the following order was entered: "The court finds the issues for the defendant." No judgment was entered on the finding. The appellate court there held that it had no jurisdiction to adjudicate the merits of the case but was compelled to dismiss the appeal on defendant's motion under the established rule in Illinois that where the judgment appealed from is not final or appealable, the court should dismiss the appeal for want of jurisdiction of the subject matter and had no power to enter judgment on the merits although the parties made no objection.

In Reynolds v. Wangelin, 314 Ill App 12, 40 NE2d 900, the court dismissed the appeal on its own motion because the order from which the appeal was taken was not a final decree, and in Mid City Wholesale Grocers, Inc. v. Bischoff, 327 Ill App 268, 64 NE2d 234, above cited, the court said on page 270: "If plaintiff desired to appeal from the adverse finding, it was incumbent upon it to see that a judgment was entered on the finding, from which an appeal could have been taken."

In Cady v. Hartford Fire Ins. Co., 39 Ill App2d 494, 189 NE2d 21, the court dismissed the appeal by the plaintiff from an order merely dismissing the complaint and awarding costs to defendant since the order was not a final appealable order.

■ We conclude that the remarks of the trial judge do not constitute a final appealable order. For the foregoing reason that part of the appeal by the Schroeders which relates to the first amended petition

for writ of error coram nobis or in the alternative audita querela is dismissed.

We now direct our attention to the petition of the County of Cook for an order for possession. In their answer to the County's petition the Schroeders denied that the County of Cook was entitled to possession of the real estate; that the judgment order of June 30, 1961, provided that the money should be paid to them within 180 days of June 30, 1961, and that the moneys have not been paid to them to date of the answer, which was the 19th day of June, 1963. The Schroeders further stated that the County of Cook had abandoned the proceedings and that under Section 10 of The Eminent Domain Act of the State of Illinois (Ill Rev Stats 1963, c 47, § 10) the Schroeders were entitled to their reasonable costs, expenses and attorneys' fees in this proceeding, and requested the court to assess their damages because of the abandonment of said condemnation proceeding by the County of Cook.

 As was pointed out hereinabove, a hearing was held on this petition by the County and the answer filed thereto by the Schroeders. The main questions that were raised at the hearing were whether the money was paid within the 180 days from the date of the judgment, and whether the attorneys had authority to stipulate with the attorney for the County as to the payment of the compensation for the property taken. As to the question of whether payment was made within time, the record discloses that on September 25, 1961, the Schroeders' counsel and the County entered into a stipulation, later spread of record by order of court, that the amount of just compensation awarded by the judgment of condemnation was paid by the County to the Schroeders, and the attorney for the Schroeders had the actual warrant in his possession on that date. The testimony further shows that one of the attorneys for the Schroeders was in court during

the hearing of the condemnation case, and the record does not disclose that any objection was made by the attorney for the Schroeders to the entry of judgment at that time. We do not know what objection could have been urged by the attorney for the Schroeders at that time, but the Schroeders through their attorney apparently acquiesced in the proceeding. When the County became aware of the fact that the original warrant or check had been lost by either the Schroeders or their attorneys, the County immediately tendered a substitute warrant and deposited said substitute warrant by order of court with the Clerk of the court after the Schroeders had refused to accept the tender of the substitute warrant. The County had never been advised of anything that had transpired between the Schroeders and their attorneys. We conclude that payment of the award had been properly made by the County within 180 days after the judgment, and that the court properly ordered that the substitute warrant be deposited with the Clerk of the court when it developed that the Schroeders or their attorneys had lost the original, and refused a tender of the substitute warrant.

The Schroeders in their answer to the County's petition for an order for possession stated that the judgment was entered without notice and without knowledge of the Schroeders, and that the judgment is void.

Immediately after the filing of the condemnation proceeding the Schroeders appeared by their attorneys, Wahler & Pecyna. Mr. Wahler testified that prior to the trial he contacted Mr. Schroeder and informed him that trial was imminent and preparation therefor would have to be undertaken. Mr. Schroeder testified that "we hired Mr. Wahler to represent us in this case . . ."

461

█ █ The law is well established that notice to an attorney is notice to the client who employs him, and knowledge of an attorney is knowledge of or imputed to his client. The fact that the attorney has not actually communicated his knowledge to the client is immaterial. Hahn v. Wiggins, 23 Ill App2d 391, 163 NE2d 562; Williamson v. Draper, 318 Ill App 637, 48 NE2d 453; Downey Coal Co. v. Live Stock Nat. Bank of Chicago, 314 Ill App 566, 41 NE2d 986; Hodes v. Foster, 324 Ill 615, 155 NE 762; Cessna v. Hulce, 322 Ill 589, 153 NE 679.

In ILP Attorneys and Counselors, section 57, page 67, it is stated:

"By retaining an attorney and allowing him to appear as such on the records, a plaintiff holds him out to the defendant as having the authority conferred on such attorneys, and the defendant will be justified in dealing with him until he receives actual notice that such authority has been revoked, or is limited by the terms of his contract with his client (Howard T. Fisher & Associates, Inc. v. Lincoln Village Shopping Center, Inc., 17 Ill App2d 418; Cameron v. Stratton, 14 Ill App 270), and if any of the attorney's acts are without sufficient authority as between him and his client the remedy of the client is against the attorney (Pettersson v. Bornemann, 318 Ill App 226; Thorne v. Thorne, 316 Ill App 451; Smietanka v. Myers, 311 Ill App 91; American Car & Foundry Co. v. Industrial Commission, 335 Ill 322; Village of Dolton v. Dolton Estate, 331 Ill 88; Hungarian Benevolent Society v. Aid Society, 283 Ill 99)."

█ A client always has the right to revoke the ordinary authority possessed by the attorney of record. In doing so it becomes incumbent upon him to notify

the adverse party and the court. This the Schroeders did not do.

■ It cannot be argued, therefore, that the judgment was entered without notice or knowledge of the Schroeders.

The Schroeders also appealed from the order of the court entered on June 28, 1963 ordering the County to deposit with the clerk of the court a check in the same amount as the original check of the County for the compensation awarded in the condemnation proceeding, together with interest and costs. The court had found that the County had delivered a check in the amount of the judgment owing in the condemnation case, together with interest and costs, to the attorney for the Schroeders within 180 days and since it was called to the court's attention and the attention of the County of Cook at the time of the hearing appealed from that that check had been lost by either the Schroeders or their attorneys, they are not in a position to complain about the deposit of a new check with the clerk of the court for their benefit. The Schroeders had refused the tender by the County of a new check covering the compensation awarded. The money is available to them at any time they see fit to obtain an order of court directing the clerk to pay the money to them. There is no merit to the appeal from this order.

Since that part of the appeal from an alleged order denying petition of the Schroeders for a writ of error coram nobis or in the alternative audita querela must be dismissed, there is no occasion to discuss points raised thereunder.

The order of the circuit court of Cook County entered on June 28, 1963, granting possession to and putting the County of Cook in possession of tract 993 is affirmed.

The order of the circuit court of Cook County entered June 28, 1963, ordering that a check be deposited with the clerk of the court, which was a substitution for a prior check of the County to the Schroeders, is affirmed.

The appeal from the alleged order of June 28, 1963, denying the first amended petition of the Schroeders for writ of error coram nobis or in the alternative audita querela, is dismissed.

Affirmed in part, appeal dismissed in part.

DEMPSEY, P. J. and SCHWARTZ, J., concur.