In re Estate of Sethard P. Dunn, Deceased.
Frederick B. Thomas and Rose Gaither, Petitioners-
Appellants, v. Ezekiel J. Morris, Jr., and John A.
Sanders, Executors-Appellees.

Gen. No. 49,791.

First District, First Division.

June 30, 1965.

Henry C. Ferguson and Nathan E. Waldman, of Chicago (Henry C. Ferguson, of counsel), for appellants.

Amiel G. Hall, of Chicago (Howard T. Savage, of counsel), for appellees.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court.

Sethard P. Dunn, founder and pastor of the Church of God of Chicago, died testate November 13, 1959. By the terms of his will admitted to probate January

22, 1960, the trustees of the Church were named executors and were directed to pay all his just debts, taxes and funeral expenses. It further provided for certain bequests to his wife, relatives, friends and the remainder of the estate to be paid to the Church of God of Chicago as residuary legatee.

Ezekiel J. Morris, Jr. and John Sanders, trustees of the Church, were appointed executors. They filed, and the court approved, an inventory on March 25, 1960, showing personal assets of the estate in the amount of $153,818.18.

On March 16, 1961 the executors' final account was filed and hearing was had thereon in the probate court, notice of said hearing having been given to the heirs, devisees and the residuary legatee. "And it appearing to the court that all assets have been collected, no claims have been filed against said estate; that the Federal Income Tax, Personal Property Tax, court costs and all other costs and expenses of administration have been paid and said estate has been distributed according to the Last Will and Testament of said decedent," the final account was approved, executors were discharged and the estate declared settled.

On October 10, 1961 the probate court on its own motion, "it appearing to the court that certain irregularities may exist herein, and for the best interests of the estate and all parties of interest," appointed an amicus curiae for the purpose of investigating all matters pertaining to the estate and to report to the court forthwith.

On December 11, 1961, appellant-petitioners, Frederick B. Thomas and Rose Gaither, together with Eddie Dillon,* represented by counsel, filed a petition as "members of the Church of God, together with all

---

* Dillon's name thereafter does not appear in the record before us.

38

■■■■■

other members of the Church of God," charging that gross irregularities existed in the administration of the estate; that the final account filed and approved was not a true account of the actions of the executors; and that they believed the probate court was imposed upon. The petitioners further charged that funds constituting part of the estate, not listed in the inventory, were converted to the use of the executors and others unknown; that the executors having dissipated all the cash funds of the estate now threatened to mortgage or otherwise dispose of real estate belonging to the estate; and that "solely by virtue of their position as officers of this court they have seized control of the Church of God, dissipated the cash inheritance of the membership and violated their oaths of office and their obligations" to the court. Petitioners prayed the approval of the "Final Account" be set aside and the estate reopened.

The executors filed an answer alleging that the Church was a religious corporation, and that petitioners were disgruntled former members thereof. They denied the charges made against them and stated they acted in good faith, rendering a true accounting, which actions and accounting had been approved by the court. They asked the petition be dismissed and the final account stand approved.

On February 2, 1962, the amicus curiae filed his report wherein he stated that he (1) conferred with the members of the Church who presented the petition; (2) discussed the allegations with their attorney; (3) appeared in court when the petition was filed and thereafter; (4) examined the court file; (5) conferred with an attorney for the executors; (6) examined his records; and (7) conferred with an assistant to the probate court. After reciting the charges made in the petition and answer thereto, he concluded "that the allegations of the petition would, if proven,

justify the reopening of the estate, and that the evidence submitted to the undersigned by the executors, if sustained by the proper proof, would entitle them to a dismissal of the petition." He reported that the petition created an issue of fact which could not be resolved without a hearing or trial "in accordance with the established rules of procedure." The amicus curiae further reported that on December 22, 1961, Judge James Cooney dismissed a petition seeking the same relief on the ground that the petitioners, who were members of the "Church," a religious corporation, were not individually parties in interest to permitting them to seek the relief that was sought, and that the present petition was in the name of the "Church," a religious corporation, by Rev. Thomas and Rose Gaither, as agents of the "Church," and also individually as members of the Church. There existed the question of whether the petitioners were such parties in interest as would entitle them to the relief sought. The petition raised a question of fact and law as to whether the named individuals were, in fact and in law, agents of the "Church" and authorized by it to file and prosecute the instant petitions.

On May 11, 1962, other counsel was substituted for by the petitioners, and all future notices, by order of court, were to be served upon them.

On July 6, 1962 the court overruled the motion to strike and dismiss "the second petition of said Rev. Frederick B. Thomas and Mrs. Rose Gaither," vacated the order approving the final account and reopened the estate "for all intents and purposes."

Petitioners, on September 24, 1962, obtained an order that their attorneys be given notice of all proceedings relating to the estate, and that they be given 90 days within which to file objections to the final account. On December 27, 1962, they requested a further extension of sixty days. Although the executors an-

40

swered by objecting thereto, on March 13, 1963, by stipulation of the parties an order was entered granting petitioners an extension until May 17, 1963.

On September 4, 1963 the executors, after notice served upon the attorneys for petitioners, filed a verified petition to vacate the nunc pro tunc order of June 29, 1962, reopening the estate. The court, after finding that the petitioners had failed, though given several continuances, to file specific objections to the final account, and that petitioners had failed to appear upon proper notice given their attorneys, ordered that the June 29 nunc pro tunc order be vacated; that the final account stand approved and that the executors be discharged.

On September 25, 1963, without notice, petitioners Frederick B. Thomas and Rose Gaither "members in good standing of the Church of God, a religious corporation" filed in the probate estate a "Petition For The Removal Of Ezekiel J. Morris, Jr. and John S. Sanders, Co-executors Of The Above Estate, Because Of Waste, Mismanagement And Embezzlement Of The Assets Of The Estate." The petition was filed and presented by counsel, other than previously indicated in the record, as representing the petitioners. The probate court allowed the petition to be filed instanter, and citations issued against the executors, returnable on October 14, 1963. The same attorney, on October 8, 1963, after serving notice on counsel for the executors, presented a petition in his own name to vacate the order of September 4, 1963. He asked that he be permitted to formally enter his appearance as attorney for the petitioners and requested that the court declare that the orders of September 25, 1963, granting the petitions for citations and allowing the citations to issue, amounted to a vacating and setting aside of the order of September 4, 1963.

After hearings on the pleadings, briefs and oral arguments, the probate court denied the petition to vacate its order of September 4 upon the following findings:

1. That the Court is without jurisdiction as to the subject matter to reopen the estate at bar since more than 30 days has expired since the Final Order reclosing the estate, September 4, 1963, before petitioners' petition to reopen the estate was filed.

2. That the Final Account of the executors heretofore filed and approved, September 4, 1963, and closing the estate, is not subject to collateral attack by the petitioners.

3. That proper notice of motion was given to the petitioners' attorneys of record, Jurco, Damisch & Stinson, prior to respondents petition and motion for a Summary Judgment, reclosing the above estate, September 4, 1963; and the respondents did not commit a fraud on the Court by not serving a copy of said notice of motion on Henry C. Ferguson, esq., who had not filed his appearance and was not the attorney of record nor had he appeared in Court in the above entitled matter as the attorney for petitioners' prior to the entry of the Order of September 4, 1963, reclosing the estate.

4. That the filing of Citations, September 25, 1963, by the petitioners' through their attorney, Henry C. Ferguson, esq., after the reclosing of the above estate, September 4, 1963, was a nullity.

■ It is from this order that petitioners appeal. They contend that they were not bound by "the wilful failure and refusal" of their counsel of record to respond to the motion of September 4, 1963. We cannot agree. In the petition to vacate the order of September

42

4 they charge that they were not personally informed of the motion. The cases are many, the most recent of which is County of Cook v. Schroeder, 55 Ill App2d 449, 205 NE2d 257 (1965), holding that under circumstances as presented here the action of an attorney is binding on his client. Furthermore, it was upon petitioners insistence that the probate court entered previous orders requiring notice of all proceedings be given to their counsel. It must also be noted that the instant petition to vacate was filed by and in the name of petitioners' present counsel and not on their behalf. The executors' assert that said attorney was a stranger or "interloper" to the record and that therefore his petition to vacate was properly denied. The probate court, by its order treated the petition to vacate filed October 8, 1963, as that of the petitioners. We, therefore, treat it in that light for purposes of this appeal.

Petitioners argue that the probate court erred in holding that it was without jurisdiction, after the expiration of thirty days from the entry of the order reclosing the estate, to entertain the petition to vacate. The finality of judgments in probate have been long recognized in this state. Prior to the adoption of the Civil Practice Act in 1933, and the adoption at the same term of the legislature of chapter 77, par 82 (Ill Rev Stats 1963, c 77, par 82) it was held that during the term at which a judgment, decree or final order was entered the record remained in the breast of the court, and the court might at any time during the term, amend it or set it aside of its own motion or for good cause shown, as justice and the right of the case might seem to require. Krieger v. Krieger, 221 Ill 479, 77 NE 909 (1906); Donaldson v. Copeland, 201 Ill 540, 66 NE 844 (1903); Shannahan v. Stevens, 139 Ill 428, 28 NE 804 (1891). The statutes above referred to, enacted in 1933, substituted a period of thirty days for that of a term of court under the prior existing law.

In Barnard v. Michael, 392 Ill 130, 63 NE2d 858 (1945) the court applied to probate orders the rule of par 82 of chapter 77, that judgments, decrees and orders become final after thirty days, and that a judgment, decree or final order cannot be set aside by the court after expiration of thirty days following the entry thereof, except that as formerly, a court may entertain an application to vacate its void judgments or orders at any time and in such case the thirty-day limitation period is inapplicable. As stated in Barnard at page 135:

> A judgment, order or decree entered by a court which lacks jurisdiction of the parties or of the subject matter, or which lacks the inherent power to make or enter the particular order involved, is void, and may be attacked at any time or in any court, either directly or collaterally. An application to vacate a judgment or decree, made to the court that rendered it within thirty days after its entry, is a direct attack upon the judgment or decree, but if made after the expiration of thirty days it is a collateral attack.

Since petitioners do not contend that the order appealed from is void, it must be affirmed unless some other principles of law or equity apply which allow a collateral attack to be made on the final order here involved. In this regard petitioners contend that having made charges of fraud, the jurisdiction of the court is not limited in time, and the court must consider the issue. In treating a somewhat similar contention, the court in In re Estate of Luer, 348 Ill App 324, 108 NE2d 792 (1952), made the following comments at page 329:

> There is no doubt that various acts of the executor now under attack were approved by the

probate court in final judgments entered after due notice, to all interested parties. . . . But it is appellant's theory that the finality of all such judgments is beside the point, because she charges FRAUD. Upon the basis that "fraud vitiates everything" she asserts that all prior final judgments of the probate court, and other courts, must now be reopened for further review and reconsideration.

This presents the question whether, under any principle of law or equity, the finality of a judgment has no effect against a charge of fraud, or whether the nature of the charges and issues must be considered.

While there are loose statements in decided cases to the general effect that "fraud vitiates everything," it will be apparent that courts have been forced by necessity to limit the application of this doctrine. . . .

Then, at page 330 the court further stated:

. . . cases arise in which a party is prevented by fraud of his opponent from presenting the merits of the case to the court. Or, in spite of due diligence, a mistake or accident may intervene, without fault of the complaining party, resulting in an unjust decision. Or a third party may be affected by a judgment, without notice of the pending suit. In this limited class of cases, a final judgment may be attacked after thirty days (formerly after the term) on the ground of fraud, accident or mistake.

■ ■ Thus, the principle emerges that in a collateral proceeding, such as the instant one, the attack on a final judgment on the ground of fraud, accident or mistake is limited to situations where the court's

45

jurisdiction (or colorable jurisdiction) was based upon the fraud, accident or mistake.

Here, the petition to vacate did not come within the principles enumerated in the above case. Their initial petition alleged fraud, etc. The executors' answer denied the charges.

■ The probate court, following the suggestions of the amicus curiae, initially reopened the estate and set aside its approval of the final account. The court then directed the petitioners to file specific objections to the report so that issues might be drawn and the matter heard, the cause determined and the litigation terminated. Petitioners charge no fraud in the process of entering the final order of September 4, 1963. The court, under the facts and circumstances indicating the failure of petitioners over a long period of time to file specific objections so as to enable the court to proceed to a proper hearing, did not abuse its right or discretion in reclosing the estate.

■ Finally, petitioners contend that the orders of September 25, 1963, giving leave to file the petition for removal, citation, etc., and the issuance of such citations, did in effect vacate the final order of September 4, 1963. The petition and motions made by counsel not of record, without notice to the parties and after the reclosing of the estate could not so affect the prior final order settling the estate. The court's ruling thereon was correct.

Other points raised by petitioners we consider immaterial and irrelevant to a final determination of the cause and, therefore, need not be considered.

We find that the probate court disposed of the matter without error and its order reclosing the estate is affirmed.

Affirmed.

BURMAN, P. J. and MURPHY, J., concur.