THE PEOPLE ex rel. EARL ROGERS, Petitioner-Appellant, v. RICHARD J. ELROD, Sheriff of Cook County, Respondent-Appellee.

First District (5th Division) No. 61573

Opinion filed December 12, 1975.

Aldus S. Mitchell, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Linda Ann Miller, Assistant State's Attorneys, of counsel), for appellee.

Mr. PRESIDING JUSTICE BARRETT delivered the opinion of the court:

Petitioner, Earl Rogers, takes this appeal from the dismissal of his petition for release under the Habeas Corpus Act (Ill. Rev. Stat. 1973, ch. 65, § 22(4)). His petition alleged that the process under which petitioner is detained has been issued under circumstances where the law does not allow process or orders for imprisonment to issue. In his petition petitioner states that notice of the filing of the mandate affirming his conviction was sent to him almost three years after the mandate had issued, so that any incarceration would now be illegal.

The first issue on appeal is whether counsel for petitioner and the petitioner, who had been admitted to bail, had notice of the issuance of the mandate so as to have established an affirmative duty on petitioner to surrender in compliance with section 110—10(b)(5) of the Code of Criminal Procedure (Ill. Rev. Stat. 1971, ch. 38, § 110—10(b) (5)).

Petitioner was found guilty of armed robbery in November, 1968. On March 25, 1971, the appellate court affirmed his conviction, and on June 7, 1971, the mandate of the court issued. Petitioner's attorney received notice of the issuance pursuant to Supreme Court Rule 368(a) (Ill. Rev. Stat. 1971, ch. 110A, § 368(a)). In his motion to recall the mandate, petitioner's counsel stated that petitioner had received notice that the mandate issued. On June 25, 1971, the appellate court recalled the mandate pending the disposition of petitioner's petition for leave to appeal to the Illinois Supreme Court. Petitioner was released on bond on July 2, 1971, on the condition that if his judgment is affirmed petitioner must surrender to the officer from whose custody he was bailed. Leave to appeal was subsequently denied on September 29, 1971. In an affidavit of October 19, 1971, petitioner's attorney stated that petitioner informed him that because of the denial, petitioner wished to seek review by the United States Supreme Court. Apparently this was not done. It is clear from the motion to recall the mandate and the affidavit of October 19, 1971, that petitioner knew his conviction had been affirmed and that leave to appeal was denied by the Illinois Supreme Court.

On November 2, 1971 the mandate of the Appellate Court issued permanently. Pursuant to Supreme Court Rule 368(a) (Ill. Rev. Stat. 1971, ch. 110A, § 368(a)), the Appellate Court Clerk again automatically sent notice to the Cook County State's Attorney and to the law firm representing petitioner. Petitioner's attorney acknowledged receipt of the notice by attaching the notice as Exhibit "B" of petitioner's petition for writ of habeas corpus. On May 22, 1974 petitioner received notice from the office of the Cook County State's Attorney that the mandate was filed and that petitioner was to appear in court on June 7, 1974.

■■ The law is well settled that notice to an attorney is notice to the client who employs him, and knowledge of an attorney is knowledge of or imputed to his client. The fact that an attorney has not actually communicated his knowledge to the client is immaterial. (*County of Cook v. Schroeder*, 55 Ill.App.2d 449, 205 N.E.2d 257; *Hollan v. Kepner*, 297 Ill. 332, 130 N.E.2d 699.) An attorney who has filed an appearance is chargeable with notice of all orders affecting pending causes; notices served upon him are notices served upon his client. *Public Taxi Service, Inc. v. Ayrton*, 15 Ill.App.3d 706, 304 N.E.2d 733.

■■ Based upon petitioner's knowledge of the June 7, 1971 affirmance, the denial of his leave to appeal, and the appellate court's notice of November 2, 1971, to his attorney, we find that petitioner had an affirmative duty to surrender pursuant to the conditions of his bond and section 110—10(b)(5) of the Code of Criminal Procedure (Ill. Rev. Stat. 1971, ch. 38, § 110—10(b)(5)).[1]

The second issue is whether this affirmative duty to surrender pursuant to section 110—10(b)(5) is a deprivation of due process of law where the office of the State's Attorney has had a policy of notifying defendants of the affirmance of their conviction and the date that they must appear in court. In the instant case, petitioner knew of the affirmance almost three years prior to receiving the letter from the State's Attorney. Therefore, he cannot now be heard to say that he relied upon a gratuitous administrative practice and, while waiting in expectation for notice, could ignore Illinois law and the provisions of the appeal bond upon which he was released.

For the above stated reasons, we affirm the decision of the trial court dismissing the petition for writ of habeas corpus.

Affirmed.

DRUCKER and LORENZ, JJ., concur.

---

[1] "(b) If the defendant is admitted to bail after conviction the conditions of the bail bond shall be that he will:

● ● ●

(5) If the judgment is affirmed or the cause reversed and remanded for a new trial, *forthwith* surrender to the officer from whose custody he was bailed." (Emphasis added.)