(No. 64471.—)

MICHAEL CRUMP, Appellant, v. MICHAEL LANE, Director of Corrections, *et al.*, Appellees.

*Opinion filed June 29, 1987.*

GOLDENHERSH, J., took no part.

James J. Doherty, Public Defender and Paul P. Biebel, Jr., Acting Public Defender, of Chicago (Gregory W. O'Reilly and Robert P. Isaacson, Assistant Public Defenders, of counsel), for appellant.

Neil F. Hartigan, Attorney General, of Springfield, and Richard M. Daley, State's Attorney, of Chicago (Mark L. Rotert, Assistant Attorney General, of Chicago, and Thomas V. Gainer, Joan Disis and Cary Davis, Assistant State's Attorneys, of counsel), for the People.

JUSTICE SIMON delivered the opinion of the court:

The petitioner, Michael Crump, was convicted of aggravated battery on April 6, 1984, in the circuit court of Cook County. At his sentencing hearing, Crump resisted the State's attempt to introduce his 1974 armed robbery conviction, also in the circuit court of Cook County, by testifying that the earlier conviction had been reversed on appeal. At the time, the State was unable to verify the 1974 conviction.

While Crump was serving his two-year and nine-month sentence for the 1984 aggravated battery conviction, he was arrested on his 1974 conviction and brought before a judge of the criminal division of the circuit court of Cook County. The State established that the appellate court had affirmed the 1974 conviction on May 28, 1978, that this court had denied Crump's petition for leave to appeal on September 28, 1978, and that the mandate from this court was filed with the clerk of the circuit court of Cook County on October 20, 1978, and spread of record 10 days later. However, no warrant was ever issued for Crump. The circuit judge then issued a mittimus on Crump's 1974 conviction, for which he had received a 10- to 30-year sentence.

Thereafter, Crump instituted this proceeding—a petition for a writ of *habeas corpus* (Ill. Rev. Stat. 1983, ch.

110, par. 10—101 *et seq.*)—in the circuit court of Cook County. He alleged that the circuit court lacked jurisdiction to issue the mittimus and execute the sentence on his 1974 conviction because of the unreasonable and unexplained delay of six years between the affirmance of that conviction in September 1978 and the issuance of the mittimus in August 1984. In support of his petition, Crump testified that he lived at the same address from 1974 to 1984, that he received no notice or letter advising him that his 1974 conviction had been affirmed or that his petition for leave to appeal had been denied, and that in the summer of 1980 his attorney (who has since been disbarred) informed him that the 1974 conviction had been reversed by this court and instructed him on how to get a refund of his $50,000 appeal bond. Crump had misplaced his bond receipt; following directions of the clerk's office at the criminal court, he went to the Daley Center in Chicago, where he applied for a refund and was told his money would be mailed to him in a few weeks. Three weeks later he received a check from the clerk of the circuit court in the amount of his bond deposit.

The State contends that Crump's attorney was given notice that his client's conviction had been affirmed. It introduced a copy of a letter sent from the appellate court to the clerk of the circuit court which accompanied a copy of the mandate and indicated that a copy had been sent to Crump's attorney and the State's Attorney of Cook County.

The circuit judge denied Crump's *habeas corpus* application because of his 1984 conviction for aggravated battery. The appellate court acknowledged that the State had been dilatory "in carrying out its responsibility to see that steps were promptly taken to carry the judgment of conviction into effect" without reasonable explanation for the delay, but affirmed the denial of the writ because of

Crump's second conviction. (149 Ill. App. 3d 366, 370.) We allowed Crump's petition for leave to appeal.

The disposition of this appeal is controlled by our recent decision in *Walker v. Hardiman* (1987), 116 Ill. 2d 413 (involving two separate defendants, Jerry Walker and Ronald Stokes). The facts here are similar to those in the cases of Walker and Stokes, and where they differ, the variations do not significantly favor Crump. As was the case regarding Walker, but not Stokes, the mandate of the reviewing court affirming Crump's conviction was promptly filed with the circuit court clerk and spread of record. Also, the attorney who represented Walker on appeal was notified promptly of the affirmance of the conviction and the issuance of the mandate. The delay between the affirmance of the conviction and the arrest of Crump on the conviction was approximately six years in this case, five years in Walker's case and less than four years in Stokes' case. After his conviction was affirmed but long before his arrest, Crump's appeal bond was refunded at his request. This did not happen in the case of either Walker or Stokes. As in Walker's case, neither Crump nor his attorney was advised by any official of the date and time he was to surrender. Crump's bond contained no handwritten notation, as Stokes' bond did, that his appearance before the presiding judge of the criminal division was "to be notified." Walker and Stokes led blameless lives between their convictions and arrests. But Crump was convicted of a second crime, and it was the prosecution for that offense which alerted the State's Attorney of Cook County to the fact that Crump had not served the sentence previously imposed upon him.

Thus, as we held in *Walker*, the appellate court mandate having been spread of record in the circuit court promptly after the denial of Crump's petition for leave to appeal and Crump's attorney having been notified, the ensuing delay in Crump's incarceration was chargeable to

him and not the State. Our holding in *Walker* mandates that Crump's request for *habeas corpus* relief be denied.

Further, as we observed in *Walker*, section 110—10(b)(5) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1985, ch. 38, par. 110—10(b)(5)), specifying conditions of bail, requires that a defendant who has been convicted surrender forthwith upon the affirmance of the judgment against him. He cannot avoid serving his sentence by claiming that the State failed to notify him when he should surrender. It was Crump's responsibility to comply with the conditions of his bail, not the State's to see that he did. The delay in Crump's incarceration is thus attributable to his own failure to comply with the condition attached to his release on bond pending appeal. Refunding his bail bond was an error, and it did not shift that responsibility from Crump to the State.

Finally, even had Crump not been convicted of a second offense before serving his sentence at issue in this case, our conclusion, in view of *Walker*, would not be different. We observe, however, that we have not been referred to any case where a person convicted of a felony was excused from serving his sentence under the circumstances presented here when after the conviction and prior to incarceration he was convicted of a second serious crime. That Crump's prison conduct while serving his sentence for aggravated battery was, for the most part, exemplary does not mitigate his commission of a serious crime (armed robbery) perpetrated before he commenced serving his sentence on the later conviction.

*Judgment affirmed.*

JUSTICE GOLDENHERSH took no part in the consideration or decision of this case.