JOHNNY HENDON, Petitioner-Appellant, v. THE DEPARTMENT OF CORRECTIONS, Respondent-Appellee.

Third District    No. 3—94—0600

Opinion filed October 23, 1996.

HOLDRIDGE, P.J., dissenting.

Kenneth D. Brown, of State Appellate Defender's Office, of Ottawa, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (John X. Breslin and Judith Z. Kelly, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for appellee.

JUSTICE SLATER delivered the opinion of the court:

The petitioner, Johnny Hendon, filed a petition for *habeas corpus* against the respondent, Illinois Department of Corrections (IDOC). The petitioner argued that he should be discharged from his sentence of incarceration because an unreasonably long time had elapsed between his conviction and the imposition of sentence. The trial court denied the petition. We affirm.

The petitioner was convicted of rape. On August 23, 1973, he was sentenced to serve not less than 4 years nor more than 20 years in prison. He appealed his conviction. During the pendency of the appeal, on December 11, 1974, the petitioner was released on an appeal bond.

This court affirmed the petitioner's conviction on November 28, 1975 (*People v. Hendon*, 33 Ill. App. 3d 745, 338 N.E.2d 472 (1975)), and the Illinois Supreme Court denied his petition for leave to appeal on March 25, 1976. The appellate court's mandate was issued on April 19, 1976, and was filed by the Peoria County circuit clerk's office the following day.

No further action was taken on this matter until February 8, 1982, when the petitioner's appeal bond was returned to him. On October 6, 1989, the State filed a motion requesting that the petitioner be directed to report to the Peoria County jail for transport to IDOC. A warrant for the petitioner's arrest was issued on October 11, 1989. However, he was not taken into custody until August 8, 1991. He was released on bond until September 5, 1991, when he was remanded to IDOC to serve the remainder of his sentence.

On October 20, 1992, the petitioner filed the instant petition for *habeas corpus*. In his petition, he claimed that he should be released from prison because the delay in taking him into custody waived the State's right to lawfully incarcerate him. Thereafter, the State filed a motion to dismiss the petition.

When no action had been taken on his *habeas* petition by July 1994, the petitioner filed a petition for writ of *mandamus* seeking to force the circuit court to act. He alleged that the unreasonable delay between his conviction and the imposition of sentence entitled him to discharge. On July 7, 1994, the circuit court dismissed the petitioner's petition for writ of *mandamus* and denied his *habeas* petition.

On appeal, the petitioner contends that the trial court erred in summarily dismissing his *habeas* petition. He claims that he was entitled to an evidentiary hearing to determine: (1) whether he received notice of the issuance of the appellate court's mandate; and (2) whether his due process rights were violated by the lengthy delay.

■ A defendant released on an appeal bond has a duty to remain apprised of the status of his appeal. *People v. Santos*, 146 Ill. App. 3d 818, 497 N.E.2d 374 (1986). Once the mandate of the appellate court has been issued, it is incumbent upon the defendant to surrender himself to serve his sentence. *Walker v. Hardiman*, 116 Ill. 2d 413, 507 N.E.2d 849 (1987); *Crump v. Lane*, 117 Ill. 2d 181, 510 N.E.2d 893 (1987).

■ In the case at bar, the lengthy delay between the defendant's conviction and his incarceration was not caused by any failure on the part of the State. The delay was caused by the defendant's failure to keep abreast of developments in his case and to turn himself over to authorities upon the issuance of the appellate court mandate. Consequently, we hold that the trial court properly denied his petition for *habeas corpus*.

The judgment of the circuit court of Peoria County is affirmed.

Affirmed.

MICHELA, J., concurs.

PRESIDING JUSTICE HOLDRIDGE, dissenting:

I respectfully dissent. The petitioner maintains on appeal that his petition for *habeas corpus* should not have been denied without an evidentiary hearing to determine whether he had received notice of the issuance of the mandate of the appellate court denying the appeal of his conviction. I agree and would reverse the trial court and remand for a hearing to determine whether the petitioner or his attorney received notice of the issuance of the appellate court's mandate.

An unreasonable delay between the pronouncement and imposition of sentence may be a circumstance warranting the release of a *habeas corpus* petitioner. *People ex rel. Millet v. Woods*, 55 Ill. 2d 1, 3 (1973), citing *People ex rel. Powers v. Shattuck*, 274 Ill. 491 (1916). It is well settled, however, that once the mandate of the appellate court has been issued and spread of record in the circuit court, any ensuing delay in the petitioner serving his sentence is attributable to him. *Walker v. Hardiman*, 116 Ill. 2d 413 (1987); *Crump v. Lane*, 117 Ill. 2d 181 (1987).

The petitioner maintains that implicit in the *Walker* and *Crump* holdings is a requirement that he or his attorney receive notice that the mandate was issued and spread of record. I agree. In *Walker*, the supreme court stated:

"We also believe that our decision in this case will now make it clear that once the State moves to have the appellate court mandate spread of record in the circuit court, *and the defendant is so notified*, any delay in surrendering will be attributable to the defendant." (Emphasis added.) *Walker*, 116 Ill. 2d at 424.

Likewise, the *Crump* court expressly followed the language from *Walker*:

"Thus, as we held in *Walker*, the appellate court mandate having been spread of record in the circuit court promptly after the denial of Crump's petition for leave to appeal *and Crump's attorney having been notified*, the ensuing delay in Crump's incarceration was chargeable to him and not the State." (Emphasis added.) *Crump*, 117 Ill. 2d at 184-85.

I also note that the *Walker* court discussed with approval *People ex rel. Rogers v. Elrod*, 35 Ill. App. 3d 26 (1975), wherein the court framed the issue before it as:

"[W]hether counsel for petitioner and the petitioner, who had been admitted to bail, had notice of the issuance of the mandate so as to have established an affirmative duty on petitioner to surrender in compliance with section 110—10(b)(5) of the Code of Criminal Procedure. [Citation.]" *Rogers*, 35 Ill. App. 3d at 27.

In the matter *sub judice*, the mandate was issued from the appellate court to the circuit court of Peoria County on April 19, 1976. On April 20, 1976, the mandate was filed in the circuit court. The record does not establish, however, whether the petitioner or his attorney received notice of the issuance of the mandate so as to have established his duty to surrender himself without further notice. In order to properly rule on the petitioner's petition for *habeas corpus*, the trial court must take evidence and make a factual determination as to whether the petitioner or his attorney was notified of the issuance of the mandate.

For the foregoing reasons, I respectfully dissent.