THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT BARRETT, Defendant-Appellant.

Fourth District   No. 4—99—0100

Opinion filed September 28, 1999.

Robert J. Waaler, of Waaler Law Offices, P.C., of Champaign, for appellant.

John C. Piland, State's Attorney, of Urbana (Norbert J. Goetten, Robert J. Biderman, and Jeffrey K. Davison, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:
Defendant Robert Barrett appeals from an order of the circuit

court of Champaign County denying a motion to dismiss the cause on the basis of a seven-year delay between the issuance of the mandate of this court on direct appeal and it being "spread of record" in the circuit court. Defendant argues (1) the circuit court lost jurisdiction in the intervening seven-year period and (2) the unreasonable delay is the fault of the State. We affirm.

In this case, the facts are undisputed and no testimony was presented raising an issue of credibility. As a result, a question of law is presented that this court considers *de novo*.

Following a jury trial, defendant was found guilty of driving while his license was revoked. Ill. Rev. Stat. 1989, ch. 95½, par. 6—303(a). On December 5, 1990, defendant was sentenced to 180 days' incarceration. Defendant appealed. Pending appeal, the sentence was stayed, and defendant was released on bond. On appeal, this court affirmed the conviction and sentence. *People v. Barrett*, 216 Ill. App. 3d 1110, 626 N.E.2d 435 (1991) (unpublished order under Supreme Court Rule 23). The order of this court affirming the judgment was filed in the circuit court record by the circuit clerk on July 23, 1991. The trial court found that the mandate issued September 20, 1991. On October 8, 1991, the clerk of this court also forwarded to the circuit clerk with notice to counsel an order of this court in regard to assessment of State's Attorney fees against defendant.

On November 20, 1998, a hearing was held upon defendant's motion to dismiss. The trial court asked defendant and the People whether they had any evidence to present on the motion. Defendant responded no that he would "stand on the motion." The prosecution stated it would present "no evidence." The record shows defendant's motion to dismiss was filed October 20, 1998, and an amended motion to dismiss was filed October 28, 1998. Defendant's amended motion states only that the prosecution waited seven years after the mandate was issued before scheduling any hearing, that defendant could not be located, and defendant "would be denied his legal and constitutional rights if the State is now permitted to proceed."

Initially, we note defendant cites no statutory or case authority authorizing the procedure he employed in this case, *i.e.*, a motion to dismiss the criminal cause in the trial court following affirmance of a conviction and sentence by the appellate court. The appropriate procedure would be for defendant to surrender himself and seek a writ of *habeas corpus*. See *People ex rel. Millet v. Woods*, 55 Ill. 2d 1, 2-3, 302 N.E.2d 32, 33 (1973); *People v. Tonaldi*, 297 Ill. App. 3d 116, 117, 696 N.E.2d 1184, 1185 (1998); 735 ILCS 5/10—101 *et seq.* (West 1998). For this reason alone the denial of the motion to dismiss was proper. Because a void judgment may be attacked at any time, we note that

defendant's jurisdictional argument is not that the judgment of conviction was void because the circuit court lacked subject-matter jurisdiction at that time. The "jurisdiction" to which defendant refers is the authority or power of the circuit court to enforce the sentence because of postsentencing delay.

The bond executed by defendant pending direct appeal is not part of the record in this appeal. Nevertheless, at the time defendant was admitted to appeal bond and at all relevant times thereafter, section 110—10 of the Code of Criminal Procedure of 1963 (Code) required defendant to surrender to the officer from whose custody he was bailed if the judgment was affirmed on appeal. Ill. Rev. Stat. 1989, ch. 38, par. 110—10(d)(5) (now 725 ILCS 5/110—10(f)(5) (West 1996)); *Crump v. Lane*, 117 Ill. 2d 181, 185, 510 N.E.2d 893, 895 (1987); *Walker v. Hardiman*, 116 Ill. 2d 413, 423, 507 N.E.2d 849, 854 (1987). The ordinary appeal process is not a delay since it was initiated by defendant. *Millet*, 55 Ill. 2d at 4, 302 N.E.2d at 34. As stated in *Crump*, delay caused by the failure of defendant to surrender after affirmance of the judgment is attributable to his failure to comply with a condition of the bond and statute, and that responsibility cannot be shifted to the State. *Crump*, 117 Ill. 2d at 185, 510 N.E.2d at 895.

Defendant argues that he should not be held responsible for the delay because a practice existed in Champaign County that the State's Attorney would notify the defendant of when to surrender himself. Although in *Millet*, 55 Ill. 2d at 4-5, 302 N.E.2d at 34, and *People v. Ripa*, 115 Ill. App. 3d 1, 4-5, 449 N.E.2d 977, 979 (1983), the courts adopted that reasoning, it was rejected in the more recent decisions of *Crump*, *Walker*, and *Tonaldi* in light of defendant's duty to surrender himself. *Crump*, 117 Ill. 2d at 185, 510 N.E.2d at 895; *Walker*, 116 Ill. 2d at 423, 507 N.E.2d at 854; *Tonaldi*, 297 Ill. App. 3d at 117-22, 696 N.E.2d at 1185-89. That defendant may have relied on the advice of counsel is no excuse, as counsel is defendant's agent and acts on defendant's behalf. The record shows the order of this court affirming the judgment was filed in the trial court on July 23, 1991. On October 8, 1991, defendant's attorney was sent a copy of the order assessing State's Attorney fees and that knowledge was attributable to defendant. Defendant has not raised an issue of ineffective assistance of counsel, and no prejudice appears to have occurred to defendant in this cause, particularly in light of defendant's freedom on bond for an extended period of time.

In *Walker*, *Crump*, and *Tonaldi*, the mandate was timely filed in the circuit court. *Crump*, 117 Ill. 2d at 182, 510 N.E.2d at 894; *Walker*, 116 Ill. 2d at 415-17, 424, 507 N.E.2d at 850-51, 854 (involving two defendants, Jerry Walker and Ronald Stokes); *Tonaldi*, 297 Ill. App.

3d at 117, 696 N.E.2d at 1185. In *Millet* and *Ripa*, a delay occurred in the filing of the mandate in the circuit court. *Millet*, 55 Ill. 2d at 2-3, 302 N.E.2d at 33; *Ripa*, 115 Ill. App. 3d at 2, 449 N.E.2d at 978.

· *Millet* and *Ripa* rely on the rationale that the practice was for the defendant to be notified of when to surrender. Since that rationale was later rejected, we do not see any reason to distinguish the case at bar, involving a late-filed mandate, from a case in which the mandate was timely filed.

Defendant has an obligation pursuant to a statutory condition of his bond to surrender himself upon *affirmance*. While the filing of a petition for rehearing or petition for leave to appeal to the supreme court may delay the time in which the affirmance becomes final (*Hamilton v. Faulkner*, 96 Ill. App. 2d 415, 418, 238 N.E.2d 631, 633 (1968) (absent a petition for rehearing or petition for leave to appeal from the supreme court, the judgment of the appellate court is a final disposition of the appeal)), section 110—10 of the Code does not justify defendant waiting until the mandate is filed in the circuit court before surrendering himself. A defendant released on appeal bond has a duty to remain apprised of the status of his appeal. *People v. Santos*, 146 Ill. App. 3d 818, 822, 497 N.E.2d 374, 376 (1986).

Defendant, through his attorney of record, is charged with knowledge of when the opinion of this court was filed, and the record does not disclose that defendant filed a petition for rehearing or for leave to appeal to the supreme court. As a result, the affirmance by this court became final upon the expiration of the dates for seeking such relief and his failure to surrender himself immediately upon being notified of the affirmance by this court is not justified. While the issuing of the mandate may be necessary to revest jurisdiction in the circuit court, after an affirmance no further action by the circuit court is contemplated and none is necessary for defendant to surrender himself and begin his incarceration pursuant to his sentence. The actual filing of the mandate in the circuit court is an unreliable standard for determining when defendant should surrender himself. No evidence in the record suggests that defendant's attorney did not receive notice of the issuance of the mandate. Any prejudice to defendant in this case was occasioned by his own failure to fulfill his statutory obligation.

The judgment of the circuit court of Champaign County is affirmed.

Affirmed.

GARMAN and MYERSCOUGH, JJ., concur.