(No. 40945.—

THE PEOPLE *ex rel.* William Glenn Farrell, Appellant, *vs.* FRANK J. PATE, Warden, Appellee.

*Opinion filed March 28, 1968.—Rehearing denied May 27, 1968.*

WARD, J., took no part.

JOHN J. CROWN, of Chicago, appointed by the court, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and JOHN J. STAMOS, State's Attorney, of Chicago (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and MATTHEW J. MORAN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

In November, 1965, the relator, William Farrell, entered a plea of guilty in the circuit court of Cook County to a charge of armed robbery and was sentenced to a term of not less than 4 nor more than 7 years. The judgment provided that this term was to run concurrently with a 4-year sentence entered in 1962 by a Federal court and with a sentence of 2 years probation which had been imposed in 1964 by another Federal court. At the time of the State court sentence, relator was on parole and probation in those cases. The judgment further provided that relator was to be delivered to the custody of the United States marshal for delivery to a place designated by the Attorney General of the United States, and ordered that if the sentences imposed by the Federal courts were terminated before the State sentence relator would be remanded to the custody

of the Illinois State Penitentiary until discharged according to law.

For reasons that do not appear in the record, the Federal authorities did not take custody of relator. He remained in the Cook County jail until March, 1966, when he was delivered to the Illinois penitentiary. In June, 1966, relator was returned from the penitentiary, and over his objection a new judgment was entered by which relator was sentenced to a term of not less than 4 nor more than 7 years in the Illinois penitentiary with no mention being made of the Federal sentences. Relator filed a petition for a writ of *habeas corpus* in the circuit court of Cook County challenging the authority of the warden of the penitentiary to detain him. The court ruled that the original sentence imposed in November, 1965, was valid and that the sentence imposed in June, 1966, was void. The court held that the warden of the Illinois penitentiary had no authority to detain relator and ordered that he be delivered to the custody of the United States Attorney General. Relator has appealed from that judgment.

By leave of court a supplemental record has been filed in this cause from which it appears that after the *habeas corpus* judgment had been entered relator filed a petition for a writ of *habeas corpus* in the United States District Court challenging the authority of the United States Attorney to take custody of relator. The Federal court dismissed the proceeding on the basis of statements made in open court by counsel for the United States Attorney General and the United States marshal that the United States no longer seeks and will not seek in the future to enforce a parole violator's warrant against relator.

Relator does not challenge the validity of the judgment of conviction and has consistently taken the position that the original sentence was valid. He contends, however, that alleged delay in the execution of the sentence has now rendered it unenforceable. The respondent originally took

the position that the first sentence was invalid and that the sentence imposed in June, 1966, was correct. However, at the conclusion of the hearing in the trial court and on this appeal, respondent abandoned this contention and now agrees with relator that the original sentence was valid and that the second sentence was void. Respondent's position is that there was no delay in the execution of the sentence which would render it unenforceable. We agree that the original sentence was valid, being entered under the authority of section 1—7(n) of the Criminal Code of 1961, and sections 119—1 and 119—2(e) of the Code of Criminal Procedure of 1963. (Ill. Rev. Stat. 1965, chap. 38, pars. 1—7, 119—1, 119—2.) However, we cannot agree with relator's contention that execution of the sentence was delayed so as to render it unenforceable.

In support of his argument the relator relies upon *People ex rel. Smith* v. *Allen,* 155 Ill. 61; *People ex rel. Boenert* v. *Barrett,* 202 Ill. 287; and *People ex rel. Powers* v. *Shattuck,* 274 Ill. 491. These cases stand for the proposition that sentence cannot be indefinitely postponed or stayed by the trial court after a defendant has been convicted and are not applicable to the situation here. In this case the trial judge promptly imposed sentence following relator's plea of guilty and any delay in the execution of the sentence was occasioned by either the failure of the Illinois authorities to deliver relator to the custody of the United States marshal, or the refusal of the marshal to accept custody of the relator. This type of delay is similar to that in *People ex rel. Ellis* v. *Babb,* 412 Ill. 601, and the authorities cited therein. In that case the petitioner, while on probation on a felony conviction, was convicted of a misdemeanor and sentenced to a one-year jail term. As a result of that conviction his probation was revoked and he was sentenced to the penitentiary on the original charge. After serving this sentence he was returned to the Cook County jail to commence service of the misdemeanor sen-

tence. It was contended that the authorities had lost jurisdiction over the petitioner because execution of the jail sentence was delayed until after he had served the sentence imposed for probation violation. We distinguished the cases cited by relator in the present appeal and pointed out that the delay in the execution of the sentence was not occasioned by the court but by the failure of the sheriff to take custody of the petitioner following his conviction of the misdemeanor. We pointed out that a sentence of punishment for crime could be satisfied only by actual service of the imprisonment imposed, unless remitted by death or legal authority, and that failures, delays, or defaults on the part of officials to discharge their duties cannot create a right to discharge. In the present case the United States marshal did not take custody of relator as contemplated by the judgment of conviction, but this cannot be held to authorize relator's discharge.

It is argued that relator has been prejudiced by the delay in that he has been denied credit on his Federal sentences for the time he has served. This claim is refuted by the Federal *habeas corpus* proceedings which show that the United States has relinquished any claim on relator. Relator contends that we should not consider these proceedings because they occurred after final judgment in the State court *habeas corpus* case and after notice of appeal had been filed. While it is true that in the usual case a court of review does not consider judicial proceedings taking place after a notice of appeal has been filed, we believe that it is appropriate to consider the supplemental record under the circumstances of this case.

The judgment of the circuit court remanding relator to the custody of the United States Attorney General was correct, although it now appears that the Attorney General will not accept such custody. With full credit for all time served, it is apparent that relator has not fully served his State sentence. The original judgment, which relator con-

cedes is valid, provided that if the Federal sentences were terminated before the State court sentence expired relator should be remanded to the Illinois State Penitentiary. Such is the case and relator is properly confined in that penitentiary. The judgment of the circuit court of Cook County is modified and affirmed.

*Judgment modified and affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.