THE PEOPLE *ex rel.* George P. Powers, Relator, *vs.* LOOMIS
SHATTUCK, Sheriff, Respondent.

*Opinion filed October 24, 1916.*

1. CRIMINAL LAW—*enforcement of sentence and judgment can
not be indefinitely suspended.* In a criminal case the court has
power to delay pronouncing judgment for a reasonable time to
hear and determine a motion for a new trial or in arrest of judg-
ment or for other proper cause, but it cannot indefinitely suspend
the sentence and judgment or delay enforcing a judgment already
entered by delaying decision of a motion to vacate the judgment.
(*People* v. *Barrett,* 202 Ill. 287, followed.)

2. SAME—*what delay will cause the court to lose jurisdiction to
enforce judgment for imprisonment.* Where a judgment of con-
viction is entered, steps should be promptly taken to carry such
judgment into effect unless there is some reason for delay, and
where there is a sentence of fine and imprisonment, and upon a
motion to vacate the judgment of imprisonment the court, without
cause, delays its decision for six years, the court will lose its juris-
diction to enforce the sentence of imprisonment.

3. SAME—*an order of imprisonment to compel the payment of a
fine should be carried out promptly.* An order of imprisonment to
compel the payment of a fine, under section 14 of division 14 of
the Criminal Code, is merely incident to the judgment for the fine
and a means to enforce its collection, and such order, unless there
is some valid reason for its non-enforcement, should be carried out
promptly or not at all.

4. SAME—*the statute for collection of fines contemplates prompt
action.* The sections of division 14 of the Criminal Code regard-
ing imprisonment for the collection of fines contemplate that the
means provided be promptly used so that the fine will be collected
or the prisoner discharged if he has no property, and where there
is a sentence of fine and imprisonment and upon a motion to vacate
the judgment of imprisonment the court delays its decision for six
years without ordering execution to issue to an officer to collect
the fine or make return of no property found, the court will lose
jurisdiction to collect the fine by imprisonment.

ORIGINAL petition for *habeas corpus.*

WILLIAM L. PIERCE, and ALEXANDER J. STROM, for
relator.

P. J. LUCEY, Attorney General, PATRICK H. O'DON-
NELL, State's Attorney, and GEORGE P. RAMSEY, (WAITE
& DONOVAN, of counsel,) for respondent.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the
court:

At the April term, 1916, of this court, the relator, pur-
suant to leave granted, filed in this court his petition for a
writ of *habeas corpus* and upon consideration thereof the
writ was ordered to be issued to respondent, as sheriff of
Boone county, returnable forthwith. By agreement the pro-
duction of the body of the relator was waived and he was
admitted to bail pending the disposition of the petition on
the briefs of the relator and the respondent, which were
filed at the June term. A return was made by the sheriff
of Boone county, as respondent to the writ, in which he
stated that he had in his custody and control the relator;
that his authority for the imprisonment and restraint of
the relator was a certain writ of *capias ad satisfaciendum*
issued out of the county court of Boone county on January
8, 1916, commanding the respondent, as sheriff of Boone
county, to forthwith take the body of the relator and him
safely keep until the unpaid balance of a certain fine and
costs, amounting to $529.95, entered against the relator at
the June term, 1909, of said court, on November 16, 1909,
be fully paid. The respondent had indorsed on this writ
that he had served the same by arresting the relator Janu-
ary 8, 1916. The respondent also set up in said return, as
further authority for such imprisonment and restraint, a
certified copy of a judgment entered in the county court of
Boone county against the relator, from which it appears
that the relator entered a plea of guilty in said court at the
June term thereof, 1909, on November 16, 1909, to fifteen
counts of an information containing eighteen counts, filed
in said court, charging the relator with selling intoxicating
liquor in anti-saloon territory, upon which the court assessed

a fine against the relator of $100 on each of the first four counts of the information and $20 on each of the next eleven counts, and costs, making a total of $620 and costs to be taxed by the clerk of the court, and ordered that the relator be confined in the county jail of said county until said fine and costs were paid, and further ordered that the relator be confined in the county jail of said county for a period of thirty days on each of the first and second counts of said information, making a period of sixty consecutive days; that the relator paid $100 on said fine and moved the court to vacate and set aside the order of jail sentence; that the hearing on said motion was continued to Monday, the 13th day of December, 1909; that no further proceedings were taken in said cause until December 20, 1915, on which date the relator moved the court to discharge him from the order entered on November 16, 1909, imposing a jail sentence of sixty days' imprisonment and also from the order imposing a jail sentence for the non-payment of the fine, which motion was continued by the court until January 3, 1916, on which date the motion was overruled and it was ordered by the court that a writ be issued confining the relator in the county jail of said county. From November 16, 1909, until January 8, 1916,—a period of over six years,—the relator apparently has been at liberty, and no steps have been taken to carry out the judgment of the court by the imprisonment of the relator for the sixty days he was to serve in jail or by imprisoning him to compel the payment of the fine and costs.

The questions to be determined, in considering the sufficiency of the return of the respondent as a justification for holding the relator in imprisonment, are, first, has the county court of Boone county, by reason of the delay, lost jurisdiction to enforce that part of its judgment imposing the sixty days' imprisonment in the county jail; and second, has the said court lost jurisdiction to enforce that part of the judgment imposing the fine by ordering the confine-

ment of the relator in the county jail for the purpose of compelling its payment.

In *People* v. *Allen,* 155 Ill. 61, we held that it is the duty of a court upon the trial of a criminal case, upon conviction or a plea of guilty, to pronounce judgment at the term unless the case is continued for further adjudication and the defendant required by recognizance or by being held in custody to further answer the charge, and that a sentence indefinitely suspended upon plea of guilty cannot be lawfully imposed by the court more than three years afterward, during which time the defendant has been permitted to go at liberty without recognizance. In *People* v. *Barrett,* 202 Ill. 287, we held that in a criminal case the court has power to delay pronouncing judgment for a reasonable time to hear and to determine a motion for new trial or in arrest of judgment or for other proper causes but that it cannot indefinitely suspend the sentence and judgment, and that an unexplained delay of over two years between the release, pending a motion for a new trial and upon his own recognizance, without sureties, of a person convicted of crime and the overruling of such motion and his motion in arrest, deprives the court of jurisdiction to pronounce sentence, notwithstanding the delay was consented to by the convicted party. In the case at bar the facts are different, as there was a judgment of conviction duly entered, but it is very apparent that the execution of such judgment was suspended by the court pending his decision on the motion by the relator that the part of the judgment imposing imprisonment for sixty days be vacated. The result is the same whether the court, upon conviction or plea of guilty, delays entering judgment and pronouncing sentence or enters judgment and then indefinitely delays the carrying out of such judgment by delaying decision of a motion to vacate the judgment. A proper and orderly administration of justice would seem to require that when a judgment of conviction is entered, steps should be promptly taken to carry such judgment into

effect unless there is some reason or cause for delay.  If there were a delay in all criminal cases of six years in carrying out the judgment without any reason for such delay, as in the case at bar, the result would be a state of affairs that could be better imagined than described.  If the court could delay for six years in carrying out the judgment it could delay for a much longer term and until the circumstances of the defendant had changed, and it would be unfair to the defendant and unfair to the people, who are entitled to have justice administered promptly, to leave such matters to the caprice of the judge who had entered the judgment or to his successor in office.  We think it is very clear that at this late day the court has no power to enforce that part of the judgment which provides for sixty days' imprisonment.

As to the other question, it is provided by section 14 of division 14 of the Criminal Code (Hurd's Stat. 1916, p. 951,) that when a fine is inflicted the court may order, as a part of the judgment, that the offender be committed to jail, there to remain until the fine and costs are fully paid or he is discharged according to law.  An order made pursuant to this section is merely incident to the judgment for the fine and a means to enforce its collection.  (*Ex parte Bollig,* 31 Ill. 88.)  On principle, if a judgment for imprisonment should not be enforced after a long and inexcusable delay, during which time the person convicted has been permitted to go at large, an order of imprisonment to compel payment of a fine, unless there is some valid reason for its non-enforcement, should be carried out promptly or not at all.  It would be manifestly unfair to a defendant in a criminal case for a court to enter a judgment against him for a fine and costs, with an order that he be imprisoned until such fine and costs be paid, and without making any attempt to collect such judgment permit him to go at liberty for several years, as was done in the case at bar, and then, at any time afterwards, cause his arrest on a certified copy of such judgment ordering his imprisonment until such fine

and costs are paid. Such a proceeding would place a defendant in a criminal case at the caprice of the judge who entered the judgment, or of his successor in office, just as much as a suspended sentence of imprisonment for a definite term and would indirectly confer upon such officers powers they do not possess. As said in *People* v. *Barrett, supra,* on page 298 of the opinion: "Whatever may have been the practice at common law or whatever may be the practice in other States of this country in regard to the suspending of sentence for the purpose of giving the accused a chance to reform and thus virtually reprieving him, the legislature of this State has adopted a different method to give persons convicted of crimes the opportunity to reform by providing a system of parole and boards to administer the same, and in view of the expressed policy of the legislation of this State we are disposed to hold that the trial courts do not have the power to suspend the imposition of the sentence indefinitely after conviction, or to do such acts that virtually amount to an indefinite suspension of sentence, or to release the prisoner on parole."

Section 15 of division 14 of the Criminal Code provides that the property, real and personal, of every person who shall be convicted of any offense shall be bound, and a lien is thereby created on the property, both real and personal, of every such offender, not exempt from execution or attachment, from the time of finding the indictment, at least so far as it will be sufficient to pay the fine and costs of prosecution, and that the clerk of the court in which the conviction is had shall at the end of the term issue an execution for every fine that shall have been imposed during the term and remains unpaid and for all costs of conviction remaining unpaid, which execution may be directed to the proper officer of any county in this State, who shall levy the same upon the estate, real and personal, of defendant, not exempt from execution, possessed by him on the day of the arrest or finding of the indictment, as stated in the exe-

cution, and upon any property subsequently acquired, and the property so levied upon shall be advertised and sold in the same manner as in civil cases, etc. The motion to vacate in this case only applied to the judgment of imprisonment, and under this section it was the duty of the clerk of the court to issue an execution, and the duty of the officer to whom such execution was issued to make a levy, on the property of the relator and proceed as provided in said section, if any property could be found, and if no property could be found, to make a return of the execution so stating. Ample means are provided by the statute for the collection of fines that are imposed, and it is the plain intent and spirit of the law, as well as necessary to a prompt and orderly administration of justice, that the means provided be promptly used. If a judgment for a fine and costs can be collected by execution or payment enforced by imprisonment of the judgment debtor in a criminal case it should be done, and done promptly, unless there is some valid reason for the delay. If such judgment cannot be collected by execution, and if an offender is imprisoned as provided by section 14, *supra,* it is made the duty of the court by section 17 of division 14, *supra,* to discharge him from further imprisonment, if it is made satisfactorily to appear to the court, after all legal means have been exhausted, that the person so imprisoned has no estate wherewith to pay the fine and costs imposed on him, and such discharge shall operate as a release of such fine and costs. The plain meaning and intent of the statutes on this subject is, that an order for imprisonment entered as provided in section 14, *supra,* cannot be enforced at any and all times after it is made. If a convicted person were imprisoned under such an order and were released without an order of discharge, under section 17, it could hardly be contended that it is the intent of the law that he could be imprisoned at some subsequent period, or successively imprisoned as often as the court saw fit, under a copy of such judgment. It is the

274 — 32

plain meaning and intent of the different statutes on this subject, considered together, that the fine be collected, or, on proper showing, the prisoner be discharged both from imprisonment and further liability to pay the fine, so that the matter will be finally ended. In the case at bar it is fair to assume that had the judgment of the court been promptly carried out, as should have been done, either the fine and costs would have been collected or the relator would have obtained his discharge on showing his inability to pay, as provided in section 17, *supra,* either of which would operate as a release of such fine and costs.

For the reasons given, it is ordered that the relator be discharged.

*Relator discharged.*