(No. 32373.—

THE PEOPLE *ex rel.* George Ellis, Petitioner, *vs.* JOHN E. BABB, Sheriff, Respondent.

*Opinion filed September 17, 1952.*

JULIUS LUCIUS ECHELES, of Chicago, for petitioner.

IVAN A. ELLIOTT, Attorney General, of Springfield, and JOHN S. BOYLE, State's Attorney, (RUDOLPH L. JANEGA, and JAMES V. CUNNINGHAM, both of Chicago, of counsel,) for respondent.

Mr. Justice Bristow delivered the opinion of the court:

Leave was granted by this court to petitioner, George Ellis, to file his original petition for *habeas corpus* against John E. Babb, Sheriff of Cook County. Pursuant to petitioner's motion that bond be fixed for his release pending a determination of the merits of his petition, the same was fixed in the sum of $1000.

It is the contention of the petitioner, George Ellis, that he is being illegally detained in the county jail of Cook County. The return of the sheriff of Cook County discloses the following: That George Ellis is in his custody by virtue of a judgment of conviction for the crime of larceny rendered by the municipal court of Chicago, in case No. 45MC25309 on February 27, 1945, a copy of which judgment is attached to and made a part of the return; and the return further asserts the court wherein said judgment of conviction was rendered had full jurisdiction of the subject matter of the person of the petitioner and power to render the judgment and that said judment is legal and binding and sentence has not been fully served; that on March 4, 1944, in the criminal court of Cook County, the petitioner was found guilty on two charges of plain robbery in cases numbered 44-250 and 44-251 and, subsequently thereto, on March 21, 1944, the petitioner was granted probation for two years on said charges and was then released on probation; that on February 11, 1945, which was during the two-year period of probation, the judgment heretofore mentioned was entered in the municipal court of Chicago in case No. 45MC25309 wherein the petitioner was committed to the Cook County jail to serve a sentence of one year; that subsequently, on May 28, 1945, petitioner was brought from the county jail to the criminal court before the then chief justice of the criminal court of Cook County, and the probation that had been granted him on the robbery charges was revoked, after a hearing by said court, and the petitioner was then and

there sentenced to the Illinois Penitentiary for a term of from one to two years in each case; that in pursuance of this order the petitioner was then and there taken to the Illinois Penitentiary to serve said sentences which were fully served.

It is further alleged in the return that on February 15, 1952, the petitioner was arrested by respondent and committed to the county jail of Cook County to complete the service of sentence imposed upon him by the municipal court and that said commitment was not illegal because of any act or failure to act by the sheriff of Cook County or any other authority of Cook County or the State of Illinois, and finally asserts the delay in committing petitioner to the county jail or holding him there in connection with the sentence rendered by the municipal court does not deprive the People of the State of Illinois of the right to have the petitioner serve in full the sentence imposed upon him by the municipal court of Chicago.

The return of the sheriff of Cook County fairly and completely presents the factual situation underlying the instant problem. It is the contention of the petitioner that since approximately five years intervened between his discharge from the Illinois Penitentiary and his arrest and recommitment to the county jail of Cook County, the People had lost jurisdiction to require a completion of his sentence. In support of his position, petitioner cites several cases in Illinois that are closely analagous to the present situation. *People ex rel. Smith* v. *Allen,* 155 Ill. 61 ; *People ex rel. Boenert* v. *Barrett,* 202 Ill. 287 ; *People* v. *Ragen,* 59 F. Supp. 374.

In the *Allen case* there was an unexplained delay of three years in imposing sentence. In the *Barrett case* there was a two-year interval between the trial and finding of guilty and the passing upon the motion for a new trial. This court in those cases held that because of such inexcusable delays there was a loss of jurisdiction and the

judgments entered therein were invalid. The reasoning in those decisions emphasized the importance of a prompt and speedy trial, that it was of equal importance to society as well as the prisoner that our criminal courts function without unwarranted delays.

The facts in the instant case are not controlled by those authorities. The petitioner had been sentenced to serve one year in the county jail. He had not served that sentence in full when he was last committed. In the case of *People ex rel. Kerner* v. *McKinley*, 371 Ill. 190, this court had occasion to consider the situation which is comparable to the one under consideration. The facts in the *McKinley case* are these: Raymond Scott on April 4, 1929, was convicted in the criminal court of Cook County under four indictments charging robbery and was committed to the reformatory at Pontiac until discharged by law; he was delivered to the superintendent of the reformatory on April 18, 1929, and in the following October he was removed from the reformatory, on a writ of *habeas corpus ad testificandum,* at the request of the State's Attorney of Cook County, that they might have the benefit of his testimony in a case then on trial. While in Cook County, Scott was tried on a charge of murder and convicted and sentenced to the Illinois State Penitentiary at Joliet for a term of fourteen years. That sentence expired June 30, 1938, and, to avoid the completion of the sentence on the robbery charges, Scott filed a petition for a writ of *habeas corpus* in the criminal court of Cook County. The propriety of that court's determination that Scott should be discharged was tested in a *mandamus* action which was considered in the *McKinley case.* Therein this court said that the murder sentence should have followed the termination of the original sentence but the fact that the court did not properly commit Scott does not discharge his duty to society nor cause the abandonment of the robbery sentences. The decision, at page 192, reads:

"It is a rule of general acceptance by courts of this country that a sentence of punishment for crime may be satisfied only by actual service of the imprisonment imposed, unless remitted by death or some legal authority. (*People* v. *Toman,* 367 Ill. 163; *Massey* v. *Cunningham,* 169 Ark. 410, 275 S.W. 737; *State* v. *Cockerham,* 24 N. C. 204; *Ex parte Halbert,* 45 Okla. Crim. App. 167, 282 Pac. 478; *Hallom* v. *Hopkins,* 21 Kan. 638.) It cannot, therefore, be said that the sentences for robbery were suspended during Scott's incarceration, as contended by the respondent. Cases cited by respondent in support of this contention are those where an unexplained delay between sentence and issuance of *mittimus* deprived the court of further authority, or where the court has failed, for an indefinite time, to sentence the defendant. (*People* v. *Barrett,* 202 Ill. 287; *People* v. *Allen,* 155 id. 61.) *People* v. *Shattuck,* 274 Ill. 491, was a case where sentence was properly passed, but the execution thereof indefinitely suspended. It was held that the sentence could not be imposed after a delay of six years. These cases do not reach the question involved here."

The law is well established that failures, delays or defaults on the part of officials to properly discharge their duties cannot create a right in a defendant to his discharge. (*People ex rel. Courtney* v. *Thompson,* 358 Ill. 81; *People ex rel Martin* v. *Mallary,* 195 Ill. 582.) To hold otherwise would be tantamount to conferring unlimited pardoning powers on the sheriff's office.

The People of the State are interested in the punishment of those convicted of crimes and public interest should not be subservient to illegal acts and default of officers who have charge of such prisoners. *People ex rel. Barrett* v. *Dixon,* 387 Ill. 420; *People ex rel. Pring* v. *Robinson,* 409 Ill. 105; *People* v. *Thompson,* 358 Ill. 81.

Accordingly, we are of the opinion that petitioner is not entitled to discharge by the writ of *habeas corpus.*

*Prisoner remanded.*