(No. 42673.—

THE PEOPLE *ex rel.* John Frederick Rudin, Petitioner, *vs.* C. WILLIAM RUDDELL, Superintendent, House of Correction, Respondent.

*Opinion filed September 29, 1970.*

LEO I. FOX and SILVERSTEIN & STEIN, both of Chicago, for petitioner.

RAYMOND F. SIMON, Corporation Counsel, of Chicago, for respondent.

Mr. JUSTICE BURT delivered the opinion of the court:

On April 21, 1966, petitioner, John Frederick Rudin, was found guilty by the circuit court of Cook County of a building code violation and was fined $2600 and costs. On October 23, 1969, a warrant for petitioner's arrest was issued and he was ordered to be confined in the House of Correction to work out the fine at the rate of five dollars a day, with the provision that the imprisonment should not exceed six months. We granted leave to file a petition for a writ of *habeas corpus.*

Although the grounds for release from confinement by a writ of *habeas corpus* are narrowly limited, it is well settled that such relief is warranted where the court which imposed the sentence lacked jurisdiction. (*People ex rel. Maglori* v. *Siman,* 284 Ill. 28.) It is also well established by the decisions of this court that an undue delay between the entry of judgment and the execution of the sentence deprives the sentencing court of jurisdiction. (*People ex rel. Boenert* v. *Barrett,* 202 Ill. 287; *People ex rel. Smith* v. *Allen,* 155 Ill. 61; see *People ex rel. Farrell* v. *Pate,* 39 Ill.2d 469, 472; *People ex rel. Houston* v. *Frye,* 35 Ill.2d 591, 593.) This rule is applicable to imprisonment for non-payment of a fine *People ex rel. Powers* v. *Shattuck,* 274 Ill. 491.

The delay of more than three years between the imposition of the fine and the arrest and confinement of petitioner was unreasonable and unexplained. The trial court was without jurisdiction to order petitioner's confinement and it is therefore ordered that he be discharged.

*Petitioner discharged.*