(No. 44437.

THE PEOPLE *ex rel.* DENNIS MILLET, Appellee, v. JOSEPH I. WOODS, Sheriff of Cook County, *et al.,* Appellants.

*Opinion filed September 25, 1973.*

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago (JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE and JAMES S. VELDMAN, Assistant State's Attorneys, of counsel), for appellants.

R. EUGENE PINCHAM, CHARLES B. EVINS and G. MICHAEL COOPER III, all of Chicago, for appellee.

MR. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

Petitioner, Dennis Millet, sought relief under our Habeas Corpus Act (Ill. Rev. Stat. 1969, ch. 65, par. 1 *et seq.*) in the circuit court of Cook County and was discharged from custody. The State appealed directly to this court. Ill. Const. (1870), art. VI, sec. 5; Supreme Court Rule 302, 43 Ill.2d R. 302.

Petitioner was found guilty of voluntary manslaughter by a Cook County jury and, on November 30, 1963, was sentenced to a term of 8 to 16 years imprisonment. He obtained a writ of error from this court and on December 13, 1963, that writ, made a *supersedeas,* was filed in the circuit court. Six days later, petitioner executed a $10,000 recognizance and was released pending disposition of his appeal. Prior to oral arguments, we transferred the appeal to the Appellate Court for the First Judicial District.

On June 1, 1965, that court affirmed the judgment of conviction and sentence (*People v. Millet, 60 Ill. App. 2d 22*), and it subsequently denied petitioner's motion for rehearing. Similarly, his petition for leave to appeal to this court and a later motion for reconsideration were both denied; our mandate issued to the appellate court and was filed there on November 24, 1965.

On August 19, 1970, the appellate court's mandate of affirmance was spread of record in the circuit court of Cook County and the cause continued until August 27, at which time petitioner failed to appear, resulting in a

forfeiture of his bond. Whether timely notice of the August 27 hearing was received by petitioner is not clear, but he asserts that he voluntarily appeared before Judge Power in the criminal court on an unspecified date prior to his surrender to the sheriff. In any event, it is clear that petitioner surrendered himself to the sheriff on September 17, 1970, and the next day brought this petition in the circuit court. Following a hearing, the trial court issued a writ of *habeas corpus* and petitioner was discharged from custody.

During the period of time between the issuance of our mandate in 1965 and the filing of the appellate court's mandate in the circuit court in 1970, petitioner continued his employment as a truck driver for a parcel-delivery service. At the time of the offense, Millet was estranged from his wife, Constance; she has since died, and he has apparently assumed the obligations of custody and support for their two minor children. In 1967 petitioner remarried and purchased a residence in Chicago, for which he makes periodic mortgage payments. It is undisputed that at no time during the period described has petitioner been involved in any criminal activity.

Among the causes for discharge enumerated in our statute is the intervention of some circumstance between lawful incarceration and the bringing of a petition which entitles the petitioner to release:

> "If it appears that the prisoner is in custody by virtue of process from any court legally constituted, he can be discharged only for some of the following causes:
> * * *
> 2. Where, though the original imprisonment was lawful, yet, by some act, omission or event which has subsequently taken place, the party has become entitled to his discharge." Ill. Rev. Stat. 1969, ch. 65, par. 22.

An unreasonable delay between the pronouncement and imposition of sentence may be a circumstance warranting the release of a *habeas corpus* petitioner. (*People ex rel. Powers v. Shattuck (1916), 274 Ill. 491;*

*People ex rel. Rudin v. Ruddell (1970), 46 Ill.2d 248.*) In *Shattuck,* we held that a six-year delay between a motion to vacate a portion of the sentence and the eventual arrest and confinement of the defendant, which was unexplained, deprived the sentencing court of jurisdiction:

> "A proper and orderly administration of justice would seem to require that when a judgment of conviction is entered, steps should be promptly taken to carry such judgment into effect unless there is some reason or cause for delay. \*\*\* If the court could delay for six years in carrying out the judgment it could delay for a much longer term and until the circumstances of the defendant had changed, and it would be unfair to the defendant and unfair to the people, who are entitled to have justice administered promptly \*\*\*." *Shattuck* at 494-495.

We believe that a determination as to the reasonableness of a delay and adequacy of its explanation must rest upon examination of the circumstances of each case, and therefore an extensive discussion of the authorities cited to us by the parties is inappropriate here. Of course, the ordinary appeal process can in no manner be considered a delay, since it was initiated by petitioner. The unexplained passage of time between the filing of our mandate in the appellate court and the filing of the appellate court's mandate in the circuit court, however, is an extraordinary circumstance requiring careful scrutiny. This unique delay of almost five years appears to have no reasonable explanation, and, although the State has produced a copy of a March 29, 1966, letter (the authenticity of which is questioned by petitioner) addressed to the clerk of the circuit court of Cook County requesting him to "spread of record" the mandate in this case, it seems clear that the State has been less than diligent in the matter. The State's contention that petitioner Millet was independently obliged by the terms of his bond to surrender himself

"[u]pon the denial of his Petition for Leave to Appeal" ignores the established practice in Cook County at that time, pursuant to which the State requested issuance of the appellate court mandate and moved it be spread of record in the circuit court. Until this process was completed, the defendant may not fairly be charged with delay.

It is unchallenged that petitioner Millet has led a law-abiding and productive life in the years since his conviction and, in our judgment, his incarceration at this late date would not well serve the principles of fundamental justice or petitioner's rehabilitation.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*