THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHARLES BAILEY *et al.*, Defendants-Appellants.

First District (4th Division) Nos. 60894, 60895 cons.

Opinion filed May 25, 1978.

Arthur H. Grant, Ltd., of Chicago, for appellants.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger and Linda Ann Miller, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from the circuit court of Cook County. The defendants, Charles Bailey, Stephen Meredith and Michael Crump, were convicted, after a jury trial, of the offense of armed robbery in violation of section 18—2 of the Criminal Code of 1961 (Ill. Rev. Stat. 1971, ch. 38, par. 18—2). Defendants were all sentenced to terms in the Illinois State Penitentiary: Charles Bailey for a term of 4 to 12 years; Stephen Meredith for a term of 15 to 40 years; and Michael Crump for a term of 10 to 30 years.

There are 14 issues and various subissues presented for review. It is the opinion of this court many of these are illusory at best, and spurious at worst. The issues are (1) whether or not the defendants were proven guilty beyond a reasonable doubt; (2) whether or not the State's closing argument was prejudicial to the defendants; (3) whether or not the State's opening statement denied a fair trial to the defendants; (4) whether or not the conduct of the deputy sheriff, in charge of the jury during deliberations, constituted reversible error; (5) whether or not it was reversible error for the trial court to allow "hearsay testimony" and to deny the defendants the right to confront the witnesses against them; (6) whether the denial of a motion for severance was reversible error; (7)

whether or not the denial of a motion to suppress evidence was reversible error; (8) whether or not the denial of a motion to suppress identification testimony was reversible error; (9) whether or not the denial of a motion for a bill of particulars was reversible error; (10) whether or not the denial of the defendants' attempt to establish the victim was a narcotics addict was reversible error; (11) whether or not the trial court should have declared a mistrial because of the remarks of an attorney for a co-defendant; (12) whether or not the State failed to lay a foundation for introducing certain items into evidence; (13) whether or not the trial court improperly charged the jury; and (14) whether or not a compilation of these alleged errors denied the defendants a fair trial.

The facts of the case are on September 11, 1973, the victim of the armed robbery was at home at 12:30 or 1 a.m. His wife was also present. At this time he was opening his front door, which was secured by bars across the door, to allow defendant Crump to exit. Four men, carrying sawed-off shotguns and pistols, forced their way into the apartment. The robbers forced the victim to lie on the floor and placed a pillowcase over his head. He had, however, a good view of them prior to this. The offenders then forced his wife to remove her clothes, pulled a turban over her face, and made her lie on the floor. She also had a good view of the offenders. Then men then removed rings from both of the victims, then proceeded to ransack the apartment. The victim's wife testified she heard defendant Crump say, "Don't kill anybody." After ransacking the apartment, the offenders left. Both victims got off the floor and after about 10 minutes the police arrived. The husband testified the rings, watches, guns, jars of money, a tape recorder, cameras, and a rabbit fur jacket were missing from the apartment. During the questioning by the police, two friends of the victims arrived. One of the friends said she had just come from a building close by, and had seen five men, one of whom matched a description being given by the victim, enter the building. The men were carrying articles which could have been the items missing from the apartment. The police called for reinforcements, and then went to the apartment which the friend of the victim indicated the suspects had entered. The police knocked on the door for approximately 10 minutes and received no response. They looked through the window and noticed on the kitchen table various objects which the victim had said had been taken in the robbery. Someone opened the door from inside the apartment and the officers entered. One of the officers noticed two sawed-off shotguns on the floor of a closet. The police arrested the five men in the apartment, the men who were the defendants at trial. The officers recovered some of the property which the victims said had been taken from them and which they subsequently identified. The property was retained by the police and were exhibits at trial.

■■ The first issue presented for review is whether or not the defendants were proven guilty beyond a reasonable doubt. All of the defendants here were identified by the victims, after they were found together, a short time later in possession of the articles taken in the armed robbery. These two facts, taken together, can sustain a conviction for armed robbery, and we must conclude it was more than sufficient for the jury, sitting as the trier of fact, to find the defendants guilty. *People v. Mitchell* (1975), 35 Ill. App. 3d 151; *People v. Lindsey* (1976), 38 Ill. App. 3d 932.

■■ On appeal defendants cite numerous portions of the State's closing argument which they contend were prejudicial and improper. On review of the transcript of the closing arguments we conclude that defendants were not prejudiced by any of these statements; all were either comments properly based on the evidence (*People v. Hairston* (1970), 46 Ill. 2d 348, 263 N.E.2d 840, *cert. denied* (1971), 402 U.S. 972, 29 L. Ed. 2d 136, 91 S. Ct. 1658), comments invited by defense counsel's arguments (*People v. Parker* (1976), 40 Ill. App. 3d 597, 352 N.E.2d 394) or were not objected to at trial and therefore waived for review (*People v. Killebrew* (1973), 55 Ill. 2d 337, 303 N.E.2d 377).

■■ The opening statement of the prosecutor was merely an outline of the facts the prosecution intended to prove and did not prejudice the defendants. The defendants' contention the prosecution lied by saying Patricia Bell would testify she saw the defendants leave the apartment is not borne out by the record. The prosecution only said, "about five minutes after they heard the knock on the door all five defendants fled the premises." This was not improper and was proven by her testimony at trial. Moreover, this was not objected to at trial or in the lengthy post-trial motion for the defendants and is waived for purposes of review. (*People v. Irwin* (1965), 32 Ill. 2d 441.) The contention of the defendants concerning the opening statement concerns Vanessa Grant. The prosecutor merely was outlining in good faith the facts he would attempt to elicit from her. If the trial judge would not permit the testimony, it is not the fault of the prosecution. *People v. Bell* (1975), 27 Ill. App. 3d 171.

■■ The defendants' next contention is the conduct of the deputy sheriff in refusing the jurors' request to review the transcript of Patricia Bell's testimony without telling the trial judge of the request, was prejudicial. There is a full and adequate discussion of this subject in *People v. Morrow* (1976), 40 Ill. App. 3d 1020. There it is noted Bell's testimony was neutral and she did not identify any of the participants in the robbery. The review of her testimony would have added nothing to the jury's deliberations. The sheriff's error was harmless.

■■ The motion of the defendants to suppress the identification testimony of the victim was properly denied. The lineup was not in any

way suggestive, and the initial observation of the defendants in his apartment was an adequate basis for the subsequent identification by the victim. *Neil v. Biggers* (1972), 409 U.S. 188, 34 L. Ed. 2d 401, 93 S. Ct. 375.

■■ Prior to trial defendants moved to suppress the evidence seized in the apartment in which they were arrested. Following an evidentiary hearing the trial court denied the motion, finding that defendants lacked standing to challenge the search and seizure and also finding that the police had probable cause and were acting under exigent circumstances so that a search warrant was not required. Although these were erroneous bases for denying the motion, we find no reversible error resulting from the denial.

■■ Defendants did have standing to challenge the search and seizure of the evidence because they were legitimately in the apartment of Helen Morrow as her guests at the time of the search. (*Jones v. United States* (1960), 362 U.S. 257, 4 L. Ed. 2d 697, 80 S. Ct. 725; *Mancusi v. DeForte* (1968), 392 U.S. 364, 20 L. Ed. 2d 1154, 88 S. Ct. 2120; *Brown v. United States* (1973), 411 U.S. 223, 36 L. Ed. 2d 208, 93 S. Ct. 1565.) As was stated in *Jones*:

> "* * * anyone legitimately on premises where a search occurs may challenge its legality by way of a motion to suppress, when its fruits are proposed to be used against him." *Jones*, 362 U.S. 257, 267, 4 L. Ed. 2d 697, 706, 80 S. Ct. 725, 734.

■■ The substantive ground given for denial of the motion also fails because the existence of probable cause for a *search* does not *per se* justify a warrantless entry into a building and in this instance the State failed to establish such exigent circumstances as would excuse the failure to secure a search warrant. *Agnello v. United States* (1925), 269 U.S. 20, 70 L. Ed. 145, 46 S. Ct. 4; *Coolidge v. New Hampshire* (1971), 403 U.S. 443, 29 L. Ed. 2d 564, 91 S. Ct. 2022.

■■ But here the officers had probable cause to arrest the defendants. This was based on the information they secured from the victims and two of the victims' friends, and was bolstered by the items they saw through the kitchen window of the apartment. No warrant was required in order to enter the apartment for purposes of arresting the defendants pursuant to probable cause. (*People v. Johnson* (1970), 45 Ill. 2d 283, 259 N.E.2d 57, *cert. denied* (1972), 407 U.S. 914, 32 L. Ed. 2d 689, 92 S. Ct. 2445.) Although the police had no warrant to search the apartment, once they were lawfully inside they were not required to ignore items in plain view which they reasonably believed constituted evidence of criminal activity. (*People v. Holt* (1974), 18 Ill. App. 3d 10, 309 N.E.2d 376; *Harris v. United States* (1968), 390 U.S. 234, 19 L. Ed. 2d 1067, 88 S. Ct. 992.) They also properly seized items discovered in searches of the areas under

defendants' immediate control when they arrested them. (*People v. Williams* (1974), 57 Ill. 2d 239, 311 N.E.2d 681; *Chimel v. California* (1969), 395 U.S. 752, 23 L. Ed. 2d 685, 89 S. Ct. 2034.) Of 21 items seized in the apartment and admitted into evidence, 10 were properly seized under these exceptions to the requirement of a warrant. Seven of those 10 items properly introduced into evidence were identified at trial as being either goods stolen from the victims or in one case as a weapon used in the crime. For this reason, although we find that the other 11 items, all identified at trial as proceeds of the robbery, should have been suppressed, we conclude that their improper admission was harmless error beyond a reasonable doubt because they constituted only cumulative evidence. *People v. Vinson* (1977), 49 Ill. App. 3d 602, 364 N.E.2d 364.

■■ The trial court's refusal to grant a severance was proper as the defenses of the defendants were not antagonistic, but rather were compatible. *People v. Canaday* (1971), 49 Ill. 2d 416.

■■ The trial court's refusal to order the State to provide a bill of particulars was not reversible error as the denial of the motion is discretionary with the trial court and the discretion was not abused. *People v. Petrilli* (1931), 344 Ill. 416.

■■ The defendants were allowed to sufficiently establish the husband's prior use of narcotics and the question of the credibility of the witness was one for the jury.

■■ Defendants' counsel did not object to the comments of co-counsel at trial and the issue is waived for review. *People v. Dukett* (1974), 56 Ill. 2d 432.

■■ ■ The defendants' contention there were items introduced into evidence without a proper foundation is not well taken. The fact the victim did not know the serial numers on the cameras does not bar their introduction into evidence. They were recovered together with the other proceeds of the robbery, they were of the model and type the victim had previously told police were missing from the apartment after the robbery, and the victim was able to positively identify them as being his property. As to the guns admitted into evidence, the husband was not able to identify precisely which of the guns had been used in the robbery, however, both of them fit the type of gun the husband had described to the police and were recovered with the other weapons and proceeds of the robbery. *People v. Greer* (1963), 28 Ill. 2d 107; *People v. Morrow* (1976), 40 Ill. App. 3d 1020.

■■ The instructions given by the trial court to the jury were entirely proper. The first one complained of by the defendants is the IPI Criminal No. 3.02, the instruction on circumstantial evidence. Given the facts of this case, as to the robbery and subsequent apprehension of the

defendants, the giving of this instruction was entirely correct. The giving of the accountability instruction, IPI Criminal No. 14.03, is totally consistent with the facts of this case. *People v. Lindsey* (1976), 38 Ill. App. 3d 932.

■■ Inasmuch as we do not find the alleged errors of the trial court, we need not consider the last contention of the defendants, that the totality of errors denied them a fair trial. The defendants received a scrupulously fair trial from a very learned and able trial judge.

Accordingly, for the reasons contained herein, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

JOHNSON, P. J., and Romiti, J., concur.