THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT H. MORRIS, Defendant-Appellant.

Fourth District    No. 17381

Opinion filed May 19, 1982.

Daniel D. Yuhas and Janet Sinder, both of State Appellate Defender's Office, of Springfield, for appellant.

Daniel S. Arbogast, State's Attorney, of Toledo (Robert J. Biderman and David E. Mannchen, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

Defendant appeals his convictions and sentence resulting from pleas of guilt to forgery and theft over $150 in violation of sections 17—3(a)(3) and 16—1(d)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, pars. 17—3(a)(3), 16—1(d)(1)). Following his guilty pleas, defendant was sentenced to 4 years' imprisonment.

On appeal, defendant argues that he did not knowingly and voluntarily waive his right to counsel before pleading guilty. He also challenges the severity of his sentence, the failure of the trial court to consider mitigating factors in reaching that sentence, and a delay of over two years between the filing of the notice of appeal in the trial court and the docketing of the appeal in this court.

Briefly summarized, the facts indicate that defendant was charged by information with felony theft on the basis that defendant obtained control over a stolen social security check with the intent permanently to

deprive the rightful owner of the use of the proceeds of the check. A second count of forgery was filed charging that defendant endorsed the stolen social security check in the name of the payee with intent to defraud.

Defendant first appeared on both of these charges in the trial court on July 11, 1978. A docket entry in the common law record indicates that he appeared without counsel and acknowledged the receipt of a copy of the charges. The trial court also explained the charges and penalties to him as well as defendant's right to a prompt preliminary hearing. Defendant was then advised of his right to counsel and indicated to the court that he wished to waive counsel and plead guilty.

Defendant's second appearance was the next day at which time the State's Attorney represented to the court that defendant's initial appearance had been continued to the second hearing date because of the absence of a court reporter the previous day and the fact that a record needed to be made of the proceedings when defendant was appearing without counsel. Immediately thereafter, the trial court engaged in the following colloquy with the defendant:

"The Court: You are here without counsel. Is it your desire to have a lawyer represent you?

[Defendant]: No, sir.

The Court: Do you understand if you are without funds to hire a counsel the Court will appoint one for you?

[Defendant]: Yes, sir.

The Court: Are you at this time waiving your right to have a lawyer present?

[Defendant]: Yes, sir.

The Court: What do you wish to do on this charge?

[Defendant]: Plead guilty."

After this exchange, the trial judge again informed defendant of the charges against him, correctly described the penalties applicable to those charges, and inquired whether defendant understood that he was giving up the right to a jury, to subpoena witnesses, and to confront the witnesses against him. The court also admonished defendant that if his request for probation was allowed and he subsequently violated it, probation could be revoked and he could be resentenced. Defendant indicated that no promises had been made to him and a factual basis for the charges was supplied by the State. Thereafter, the trial court accepted the pleas of guilty and entered judgment thereon. The cause was continued for sentencing and a presentence investigation.

On October 16, 1978, defendant appeared without counsel and was advised of his right to counsel for the sentencing hearing. Upon defend-

ant's request, the public defender was appointed. Concurrent 4-year terms of imprisonment were imposed on October 20, 1978.

On November 13, 1978, appointed counsel filed a petition to withdraw the guilty plea, alleging only that on both the date defendant pleaded guilty and the date he was sentenced he was not mentally competent to understand the nature of the proceedings, the consequences of entering a guilty plea or his sentence, and was not competent to assist his counsel in preparing for the sentencing hearing. A subsequent amendment to the petition to withdraw the guilty pleas was allowed. The amendment alleged that prior to the entry of the pleas, defendant was assured by police that if he would make restitution and enter a plea, he would receive probation. After a hearing on the allegations of the petition, the petition was denied. A notice of appeal was timely filed in the trial court on April 20, 1979. That notice, however, was not transmitted to this court for docketing until August 17, 1981.

■■ Defendant's first contention is that his guilty pleas should have been vacated because he did not knowingly and voluntarily waive his right to counsel before pleading guilty. It is alleged that the trial court did not properly admonish defendant under Supreme Court Rule 401(a) (73 Ill. 2d R. 401(a)) before accepting defendant's waiver of counsel prior to the guilty plea.

Supreme Court Rule 401(a) provides:

"Any waiver of counsel shall be in open court. The court shall not permit a waiver of counsel by a person accused of an offense punishable by imprisonment without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

(1) the nature of the charge;

(2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences; and

(3) that he has a right to counsel and, if he is indigent, to have counsel appointed for him by the court."

Relying upon this court's recent decision in *People v. Derra* (1981), 92 Ill. App. 3d 1106, 416 N.E.2d 688, in which this court held that trial courts are required to strictly comply with the requirements of Supreme Court Rule 401(a), defendant argues that he should be allowed to plead anew because he was not informed of the nature of the charges and the minimum and maximum sentences possible before being informed that he had a right to counsel, and appointed counsel if he was indigent.

We conclude that defendant's argument is without merit. The trans-

cript of the proceedings at the guilty plea clearly demonstrates that defendant was correctly informed of the charges against him and the possible penalties. Thus, defendant's only challenge to the procedure employed by the trial court rests on the theory that the trial court must admonish a defendant as to these matters before proceeding to determine whether a defendant understands his right to counsel and wishes to knowingly and intelligently waive this right. We disagree.

Rule 401(a) does not prescribe any particular order in which admonishments must be given. The trial court's conclusion that defendant has knowingly waived his right to counsel is based on the totality of a defendant's response to the court's admonitions. No one admonition is either more or less important than another in this regard. Thus, a plea is not necessarily defective simply because a defendant indicates the desire to waive counsel before the full admonishments are given. Where, as here, a trial court proceeds to ascertain that defendant understands the full panoply of admonitions covered by the rule before accepting defendant's waiver of counsel, no error occurs. Here the record conclusively demonstrates that defendant was fully admonished on two separate occasions, the second of which was for the sole purpose of making a record. Under these circumstances, we believe the record demonstrates strict compliance with Supreme Court Rule 401(a) since the trial court did not accept a plea of guilty and did not enter judgment against defendant until after defendant was advised of his right to counsel.

Defendant next contends that his sentence must be vacated because the trial court did not consider the appropriate mitigating factors in reaching a sentence of 4 years' imprisonment for these Class 3 felonies. Defendant points to a number of mitigating factors which, defendant claims, were not considered by the trial court. Among these, defendant argues that the evidence showed he was able to hold down a job and would cooperate with mental health personnel and any other community resources to which the court referred him. He also testified that he had made restitution to the victim and would continue to cooperate in the State's case against the individual who originally stole the check which defendant cashed.

The presentence report indicated that defendant had prior convictions dating back to 1959 for the following offenses: drunk and disorderly conduct, petit larceny, theft, two burglaries, and battery. Defendant had also been returned to the penitentiary for violating conditions of his parole on two occasions.

In response to this evidence, before passing sentence, the court stated:

"Due to the fact that you have—have repeated large violations

and have been put on parole and have violated that and have been put on probation and violated that, I can't give you probation. There is just no way.

I am mindful of your family situation. But they didn't get you out there and cause you to write that—or forge that check. Probation is denied. Defendant sentenced to four years in the Department of Corrections, which is not the maximum I could give. But under this I normally would."

The trial court's written order imposing sentence states:

"[H]aving offered to hear evidence in aggravation and mitigation of the offense as to the moral character, life, family, occupation, and criminal record of defendant * * * the court hereby sentences said defendant to * * * Four Years."

Although the trial court did not give a detailed articulation of the reasons for imposing the sentence, he nevertheless clearly based that sentence upon defendant's extensive prior criminal record. Furthermore, the fact that defendant received a sentence of 4 years' imprisonment—slightly more than the minimum for these Class 3 felonies—belies defendant's contention that the trial court did not take into consideration the mitigating factors presented by defendant.

■■ Since the record affirmatively demonstrates aggravating factors sufficient to justify the sentence imposed and the trial court recited, in general terms, the factors upon which it relied in arriving at the sentence, we perceive no error in the procedure used (*People v. Meeks* (1980), 81 Ill. 2d 524, 411 N.E.2d 9), and no abuse of discretion in the sentence imposed. *People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541.

Finally, defendant contends that the 2½-year delay between filing of the notice of appeal in the trial court and the docketing of case in this court is not attributable to him and his sentence must be vacated or in the alternative, remanded for a new sentencing hearing. The delay between the filing of the notice of appeal in the trial court and its transmittal to this court is unexplained in the record before us. Nevertheless, during this period of time, defendant has been free on appeal bond. Although there has been some speculation as to why this delay occurred, we cannot accept defendant's contention that the fault, if any, and the delay is solely attributable to the State. As the supreme court has said in *People ex rel. Millet v. Woods* (1973), 55 Ill. 2d 1, 302 N.E.2d 32, a determination of the reasonableness of a delay and the adequacy of its explanation must rest upon an examination of the circumstances of each case. "Of course, the ordinary appeal process can in no manner be considered a delay, since it was initiated by [defendant]." 55 Ill. 2d 1, 4, 302 N.E.2d 32, 34.

■■ In this case, irrespective of any claimed delay which might be attributable to the State, it was nevertheless defendant's duty to prosecute

his appeal in timely fashion. For this reason, we do not believe either discharge or resentencing is appropriate.

Accordingly, defendant's convictions and the sentence entered thereon are affirmed.

Affirmed.

LONDRIGAN and TRAPP, JJ., concur.