THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
MARK A. RIPA, Defendant-Appellee.

Second District   No. 82—292

Opinion filed May 20, 1983.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Barbara A. Preiner, Assistant State's Attorney, and Phyllis J. Perko, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Thomas A. Callum, of Callum, Anderson and Deitsch, of Wheaton, for appellee.

JUSTICE NASH presented the opinion of the court:

The State appeals from an order of the circuit court of Du Page County discharging defendant, Mark A. Ripa, from custody pursuant to his petition brought under the *Habeas Corpus* Act (Ill. Rev. Stat. 1981, ch. 65, par. 1 *et seq.*).

On February 14, 1978, defendant was convicted of offenses under the Cannabis Control Act and the Illinois Controlled Substances Act (Ill. Rev. Stat. 1977, ch. 56½, pars. 704(e), 705, 1204(d)) and on June 15, 1978, was sentenced to concurrent terms of two years' imprisonment and ordered to pay a fine of $5,000. Defendant was remanded to the custody of the Department of Corrections on that same day; however, in August 1978, execution of sentence was stayed and he was released on an appeal bond. This court thereafter affirmed the convictions *(People v. Ripa* (1980), 80 Ill. App. 3d 674, 399 N.E.2d 1000), and our mandate was filed in the circuit court on July 9, 1980.

Defendant thereafter remained free on his appeal bond and on January 27, 1982, the State's Attorney filed a motion in the trial court for an order directing that he surrender in court to commence service of the sentence. The trial court granted the motion and directed defendant to appear on February 10, 1982; he appeared as ordered and subsequently filed a petition for *habeas corpus* relief. Defendant did not there challenge the validity of the judgments of conviction or sentence, but alleged there had been substantial changes in his life and that to require him to return the penitentiary to complete service of his sentence after the 18½-month delay between the issuance of the mandate and the order to surrender himself was prejudicial and that he was entitled to discharge.

At the hearing of the petition held March 12, 1982, defendant testified he was then 28 years old and had been 22 years of age when he was charged in 1976. After his conviction he served about two months of his sentence before being released on the appeal bond. When his conviction was affirmed he was so informed by his attorney, who also told him that he would receive a letter advising when to surrender to complete his sentence. In January 1982 defendant did receive a letter from his attorney telling him that he must surrender himself and he had no other communication to that effect after the July 9, 1980, denial of his appeal.

Defendant further testified he had been employed by the Marconi-Bond Paving Company in 1977, where he still worked as a truck driver and laborer, and had lived at the same address for two years with his wife Deborah. He stated he had known Deborah for over three years and they were married in February 1982; she was four month's pregnant at the time of the hearing and employed at a restaurant. Defendant and his wife have no other sources of income than their employment. He further testified he has not been arrested for anything else since the 1976 charges for which he was sentenced nor has he been in any trouble.

Defendant's wife, Deborah, testified that her father had died in April 1980 and that her sister was killed in 1981. She and her mother, Patricia Taylor, required psychological treatment as a result of the emotional trauma and defendant was very supportive. He took charge of family affairs and insisted the mother live with them after the sister's death. Defendant's wife testified it would be difficult after losing her father and sister to also lose her husband. Patricia Taylor also testified corroborating Deborah's testimony.

Caesar Marconi, president of the company for which defendant was employed, testified he had known defendant for five years since hiring him in 1977. Marconi stated defendant was a conscientious, dependable and diligent worker who had originally been employed as temporary help and is now one of their finest employees. Marconi further testified defendant had changed his life style and is not involved with drugs or his prior associates.

The trial judge found that defendant had experienced substantial changes in his life and life style during the 18-month period in which enforcement of the mandate was delayed and that the interests of justice would not be served by enforcing the balance of the sentence. Defendant was thereupon discharged, and the State has appealed.

Section 10—124(2) of the Code of Civil Procedure provides:

"Causes for discharge when in custody on process of court. If

it appears that the prisoner is in custody by virtue of process from any court legally constituted, he or she may be discharged only for one or more of the following causes:

\*\*\*

(2) Where, though the original imprisonment was lawful, nevertheless, by some act, omission or event which has subsequently taken place, the party has become entitled to be discharged." Ill. Rev. Stat. 1981, ch. 110, par. 10—124(2).

The State agrees there are circumstances under which a delay in enforcement of a sentence may provide a basis for *habeas corpus* relief, but argues that it lies only where the delay is attributable to the judiciary rather than to the State's Attorney as in this case. It relies primarily upon *People ex rel. Farrell v. Pate* (1968), 39 Ill. 2d 469, 472, 236 N.E.2d 722, and *People ex rel. Ellis v. Babb* (1952), 412 Ill. 601, 107 N.E.2d 793. The State contends alternately that the circumstances shown here are insufficient to entitle defendant to discharge in any event. Defendant asserts that there is no distinction between a delay caused by a judiciary in execution of a sentence or that caused by law enforcement officials, citing *People ex rel. Millet v. Woods* (1973), 55 Ill. 2d 1, 302 N.E.2d 32, *People ex rel. Rudin v. Ruddell* (1970), 46 Ill. 2d 248, 263 N.E.2d 48, and *People ex rel. Powers v. Shattuck* (1916), 274 Ill. 491, 113 N.E. 921. Defendant further argues the circumstance shown by the evidence require his discharge.

■ The cases relied upon by the respective parties are difficult to satisfactorily reconcile; we conclude, however, that the standards set forth in *People ex rel. Millet v. Woods* are dispositive. There the court stated that the "reasonableness of a delay and adequacy of its explanation must rest upon examination of the circumstances of each case." (55 Ill. 2d 1, 4.) The court rejected any notion that the appeal process initiated by a defendant could be considered delay, and did not refer to the statements in the earlier cases relied upon by the State, in which a distinction was suggested where delay in carrying out a sentence was caused by the court or was caused by law enforcement officials.

In *Millet*, as in the present case, after conviction and sentence defendant was released on bond pending disposition of his appeal. The appellate court affirmed the conviction and the supreme court denied leave to appeal and issued its mandate to the appellate court. Almost five years then elapsed, however, before the appellate court's mandate was spread of record in the circuit court and proceedings undertaken by the State to cause defendant to commence service of his sentence. During that five-year period defendant led a law-abiding and produc-

tive life. The supreme court found there was no reasonable explanation for the delay in filing the mandate and a lack of diligence on the part of the State. It concluded defendant's incarceration at that late date would serve neither the principles of justice nor his rehabilitation and affirmed the judgment discharging him. See also *People ex rel. Rudin v. Ruddell* (1970), 46 Ill. 2d 248, 263 N.E.2d 48.

■ The factual similarities of the present case to *Millet* are striking, the only notable difference being in the length of the delay. The State has not offered any explanation for the 18½ month delay and has not sought to rebut the evidence defendant has during that period changed his life style and become a responsible, law-abiding citizen. Nor does the State suggest defendant had an independent obligation to surrender himself under the terms of his appeal bond. The evidence is that defendant was prepared to do so on learning his appeal was denied, but on the advice of his attorney waited to be notified by the State, apparently in conformance with a local practice. See *People ex rel. Millet v. Woods* (1973), 55 Ill. 2d 1, 4-5, 302 N.E.2d 32.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

SEIDENFELD, P.J., and LINDBERG, J., concur.