MICHAEL CRUMP, Plaintiff-Appellant, v. MICHAEL LANE, Director of Corrections, *et al.*, Defendants-Appellees.

First District (4th Division)   No. 85—2526

Opinion filed November 6, 1986.

James J. Doherty, Public Defender, of Chicago (Gregory W. O'Reilly and Robert P. Isaacson, Assistant Public Defenders, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Thomas V. Gainer, Jr., Mary Ellen Dienes, and Cary Davis, Assistant State's Attorneys, of counsel), for appellees.

JUSTICE JIGANTI delivered the opinion of the court:

The plaintiff, Michael Crump, appeals from the denial of his complaint brought under the *Habeas Corpus* Act. (Ill. Rev. Stat. 1985, ch. 110, par. 10—101 *et seq.*) Crump contends that there was an unreasonable, unexplained, six-year delay between the affirmance of his conviction and imposition of sentence which requires his release from custody and the discharge of the remainder of his sentence.

On June 14, 1974, Crump was found guilty of armed robbery and was sentenced to a term of 10 to 30 years' imprisonment. Crump appealed the judgment of conviction and sentence and was released on an appeal bond after serving only three weeks of his sentence. Crump was represented at trial and on appeal by Arthur Grant. The appellate court affirmed the judgment of conviction and sentence in an opinion filed on May 25, 1978. (*People v. Bailey* (1978), 60 Ill. App. 3d 1046, 377 N.E.2d 273.) Crump's petition for leave to appeal was denied by the supreme court on September 28, 1978. On October 23, 1978, the supreme court's mandate was filed in the appellate court. On October 30, 1978, the appellate court's mandate of affirmance was filed with the clerk of the circuit court of Cook County. On November 9, 1978, the appellate court's mandate of affirmance was spread of record in the circuit court of Cook County. A copy of a letter sent from the appellate court to the clerk of the circuit court, which accompanied the appellate court's mandate, was sent to Crump's attorney advising him that his conviction and sentence had been affirmed and that the mandate had been issued to the circuit court. His counsel was also notified that Crump's petition for leave to appeal had been denied by the supreme court. No warrant was ever issued to bring Crump into custody. The State never notified Crump or his attorney of the date on which he was to surrender.

On December 2, 1983, Crump was arrested on an unrelated charge of aggravated battery stemming from an incident which occurred on October 8, 1983. During the trial, the State attempted to

introduce Crump's 1974 armed-robbery conviction into evidence. Crump took the stand and under oath testified that his armed-robbery conviction had been reversed. The court was unable to verify the affirmance of conviction and continued on with the trial. On April 6, 1984, Crump was convicted on the aggravated-battery charge and was sentenced to two years nine months' imprisonment. While Crump was serving the aggravated-battery conviction, the 1974 armed conviction was subsequently discovered by the State during an audit of appeals. The mittimus was issued on August 1, 1984.

In his complaint for a writ of *habeas corpus*, Crump alleged that his attorney misrepresented to him that his conviction and sentence had been reversed on appeal. Grant has since been disbarred from the practice of law in Illinois. At the hearing on his complaint, Crump testified that he periodically checked with his counsel to determine the status of his case. At no time was he ever informed by his attorney that his conviction and sentence had been affirmed. Rather, he states that his attorney informed him that the conviction and sentence had been reversed. Acting on this information, he stated that he went to the office of the clerk of the circuit court of Cook County and received his appeal-bond money. The State does not dispute this testimony.

Crump also testified that since he began serving the aggravated-battery conviction in April 1984 he has incurred no serious infractions, that he has completed his high school G.E.D. and is currently a student at Lincoln College, and that he has obtained chef's and pool sanitation licenses. Prior to his incarceration in 1984, he stated that he had lived at the same address since 1974 with his wife and family. He further testified that he was employed at the Barclay Hotel for two years from 1980 to 1982. Prior to 1980 he was unemployed since the date he was released on appeal bond in 1974. During the period of delay, Crump admitted that he was arrested on five separate occasions: battery (November 30, 1977); possession of heroin (June 21, 1978); battery (October 14, 1978); unlawful use of a weapon (July 31, 1981); and aggravated battery (December 2, 1983). The only arrest that resulted in conviction was the aggravated-battery charge in 1983.

At the conclusion of the hearing, the trial court denied Crump's petition for *habeas corpus* relief and this appeal followed. On appeal, Crump contends that the six-year delay following the circuit court's receipt of the appellate court's mandate entitles him to be discharged from custody and the discharge of the remainder of his sentence under the provisions of section 10—124(2) of the *Habeas Corpus* Act. Ill. Rev. Stat. 1985, ch. 110, par. 10—124(2).

● 1 *Habeas corpus* relief is available where, though the original imprisonment was lawful, the detention has become illegal by reason of "some act, omission or event which has subsequently taken place, the party has become entitled to be discharged." (Ill. Rev. Stat. 1985, ch. 110, par. 10—124(2).) An unreasonable delay between the pronouncement and imposition of sentence may be a circumstance entitling a prisoner to be discharged on *habeas corpus* under section 10—124(2). (*People ex rel. Millet v. Woods* (1973), 55 Ill. 2d 1, 302 N.E.2d 32; *People ex rel. Rudin v. Ruddell* (1970), 46 Ill. 2d 248, 263 N.E.2d 48.) The factors to consider in order to determine whether the delay in the instant case entitles Crump to discharge are set forth in *People ex rel. Millet v. Woods* (1973), 55 Ill. 2d 1, 302 N.E.2d 32.

The *Millet* court stated that a determination as to the reasonableness of a delay and the adequacy of its explanation must rest upon an examination of the circumstances of each case. In *Millet*, the plaintiff was released on bond pending appeal of his conviction and sentence. The appellate court affirmed and the supreme court denied his petition for leave to appeal and issued its mandate to the appellate court. Five years elapsed before the appellate court's mandate was spread of record in the circuit court and proceedings were undertaken by the State to commence service of his sentence. The supreme court found that there was no reasonable explanation for the delay in filing the appellate court's mandate and that there was a lack of diligence on the part of the State to initiate proceedings to execute the judgment of conviction. The court rejected the State's contention that the plaintiff was independently obliged pursuant to the terms of his bond to surrender himself upon the denial of his petition for leave to appeal. This contention, the court stated, ignored the established practice in Cook County at that time, pursuant to which the State had the responsibility to request issuance of the appellate court's mandate and move that it be spread of record in the circuit court. Until this process was completed, the plaintiff could not be fairly charged with delay. *People ex rel. Millet v. Woods* (1973), 55 Ill. 2d 1, 4-5, 302 N.E.2d 32.

The court reasoned that it would be unfair to execute sentence at a later date where it was undisputed that during the five-year period of delay the plaintiff had become rehabilitated and was leading a law-abiding and productive life. During the period of delay, the plaintiff was employed and was supporting a wife and two minor children. He had purchased a home for which he was making mortgage payments. At no time during the period was the plaintiff involved in any criminal activity. The court concluded that his incarceration at this later

time "would not well serve the principles of fundamental justice or [the plaintiff's] rehabilitation." *People ex rel. Millet v. Woods* (1973), 55 Ill. 2d 1, 5, 302 N.E.2d 32.

In the instant case, our mandate was promptly spread of record in the circuit court on November 8, 1978, and Crump's attorney was promptly notified. However, Crump was not taken into custody until August 1, 1984, nearly six years later. The State has offered no reasonable explanation for its lack of diligence in carrying out its responsibility to see that steps were promptly taken to carry the judgment of conviction into effect. However, delay alone under *Millet* is not sufficient to entitle the plaintiff to discharge and relieve him from serving the remainder of his sentence. There has been no evidence offered to show that during the period of delay Crump was now leading a law-abiding and productive life since the 1974 conviction. The fact that Crump lived in the same residence for those years and was employed for two years does not demonstrate a change in lifestyle which would make it unfair to enforce the remainder of the sentence at this later time. See *People v. Bartlett* (1984), 123 Ill. App. 3d 172, 462 N.E.2d 956.

■ Rather, Crump continued to be involved in criminal activity during the intervening years. He was convicted of a very serious felony (armed robbery) in 1974 for which he was sentenced to a term of 10 to 30 years' imprisonment. While he was released on appeal bond he was convicted of another felony of a violent nature (aggravated battery) for which he received a sentence of imprisonment. The only rehabilitation which Crump claims to have undergone occurred not during the period of delay in question but while he was in prison serving the sentence on the 1974 conviction. We find that these facts serve to distinguish the instant case from *Millet* and its progeny. (See *Walker v. Hardiman* (1986), 140 Ill. App. 3d 946, 489 N.E.2d 411; *People v. Ripa* (1983), 115 Ill. App. 3d 1, 449 N.E.2d 977.) While it was found to be unfair to the plaintiff in *Millet* to execute sentence at a later time, it would not similarly be unfair to do so in the instant case. Thus, under the circumstances of this case, irrespective of any delay attributable to the State, Crump was not entitled to discharge and the trial court properly denied the *habeas corpus* complaint.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

LINN, P.J., and JOHNSON, J., concur.